# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3004

_____

| | | |
|---|---|---|
| Teyent Loulou, | * | |
| | * | |
| Petitioner, | * | On Petition for Review from |
| | * | Immigration and Naturalization |
| v. | * | Service. |
| | * | |
| John Ashcroft, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: November 19, 2003

Filed: December 30, 2003

_____

Before MURPHY, LAY, and FAGG, Circuit Judges.

_____

FAGG, Circuit Judge.

Teyent Loulou, a native of Ethiopia, petitions for review of a removal order issued by the Board of Immigration Appeals (BIA) holding her removable and ineligible for asylum and withholding of removal. Loulou alleged she has a well-founded fear of persecution in Ethiopia because of her political opinion and ethnic group. At a hearing, Loulou testified her parents had been persecuted in Ethiopia after her departure, but she presented no corroborating evidence. An immigration judge (IJ) found Loulou was not credible and she failed to provide easily obtainable documentation to support her claims. Loulou appealed, and the BIA affirmed without opinion under its recently adopted streamlined review procedure, 8 C.F.R. § 3.1(a)(7).

In her petition for review, Loulou contends the streamlined review procedure violates due process and there was substantial evidence of her family's past persecution and of her well-founded fear of persecution to warrant a grant of asylum. We deny Loulou's petition.

We first consider Loulou's due process challenge to the streamlined review procedure. In response to an exploding caseload, the Immigration and Naturalization Service (INS) established streamlined review procedures in 1999. Although an IJ's decision is ordinarily reviewed by a three-member panel of the BIA, the streamlined review regulation authorizes an individual BIA member to affirm the IJ's decision without opinion when the individual member decides that the result was correct, that any errors were harmless or nonmaterial, and either that the issue on appeal is squarely controlled by existing BIA or federal court precedent and does not involve a novel factual situation, or that the factual and legal questions raised are so insubstantial that three-member review is not warranted. 8 C.F.R. § 3.1(a)(7)(ii). When an individual BIA member streamlines an appeal, the IJ's order is the final agency determination for the purposes of judicial review. Id. § 3.1(a)(7)(iii).

Loulou contends the BIA's summary affirmance violated her due process rights because the summary affirmance fails to give individualized attention to her case and frustrates our review. We join our sister circuits in concluding the streamlined review procedure does not violate an alien's due process rights. Falcon Carriche v. Ashcroft, 335 F.3d 1009, 1012-15 (9th Cir. 2003); Georgis v. Ashcroft, 328 F.3d 962, 966-67 (7th Cir. 2003); Mendoza v. U.S. Attorney General, 327 F.3d 1283, 1288-89 (11th Cir. 2003); Soadjede v. Ashcroft, 324 F.3d 830, 831-33 (5th Cir. 2003) (per curiam); Albathani v. INS, 318 F.3d 365, 375-78 (1st Cir. 2003). An alien has no constitutional or statutory right to an administrative appeal. Mendoza, 327 F.3d at 1289. Any rights to an administrative appeal are created by regulations issued by the Attorney General, and under the regulations, aliens have no right to a full opinion by the BIA. Id. Further, the streamlined review procedure does not compromise our ability to

review the INS's decision because we can review the IJ's decision directly.  Id.; Falcon Carriche, 335 F.3d at 1014; Georgis, 328 F.3d at 967.  Indeed, even before the streamlined review procedure was adopted, we recognized the BIA could affirm, without additional explanation, an IJ's opinion, making the IJ's opinion the subject of our judicial review.  Maashio v. INS, 45 F.3d 1235, 1238 (8th Cir. 1995); see Soadjede, 324 F.3d at 832 (citing cases holding same from most circuits).

In this case, Loulou received a full hearing before an IJ, a detailed and reasoned opinion from the IJ, an opportunity to present arguments to the BIA, and a decision from a BIA member.  There is no evidence the BIA member did not review the facts of Loulou's case or otherwise failed to conduct the required review.  See Mendoza, 327 F.3d at 1289; Soadjede, 324 F.3d at 832.  We thus conclude the BIA's summary affirmance did not violate any due process rights.

Loulou also challenges the IJ's denial of her asylum claim.  The Attorney General may grant asylum to aliens who are unable or unwilling to return to their country of origin "because of persecution or a well-founded fear of persecution on account of . . . political opinion."  8 U.S.C. § 1101(a)(42)(A); see Melecio-Saquil v. Ashcroft, 337 F.3d 983, 986 (8th Cir. 2003).  Loulou alleges she has a well-founded fear of persecution on account of her political opinion because the current Ethiopian government, the Ethiopian People's Revolutionary Democratic Front (EPRFD), persecuted her parents, ethnic Amharas and members (but not officers) of the All-Amhara People's Organization (AAPO).  Loulou is also of Amhara ethnicity and a member of the All-Amhara People's Relief and Development Assocation, the American relief arm of the AAPO, which protested a visit to the United States by members of the EPRFD.  At the hearing before the IJ, Loulou claimed her father was fired from his government job in Ethiopia, arrested after attending an AAPO rally, tortured, beaten, taken to a hospital, and killed by police two years later.  Loulou also claimed her mother has been detained and interrogated several times about her husband's whereabouts.

The IJ denied Loulou's application for asylum finding Loulou failed to show she had a well-founded fear of persecution. We must accept this finding unless Loulou shows "'no reasonable factfinder could fail to find the requisite fear of persecution.'" Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). A well-founded fear of persecution is both subjectively genuine and objectively reasonable. Id. To show fear of persecution is objectively reasonable, an alien must present "credible, direct, and specific evidence of facts that show a reasonable person in the alien's position would fear persecution if returned to the alien's native country." Ghasemimehr v. INS, 7 F.3d 1389, 1390 (8th Cir. 1993) (per curiam). Although an applicant for asylum need not always corroborate her testimony, we defer to an IJ's finding that an alien's testimony is not credible if the finding is supported by a specific, cogent reason for disbelief. Melecio-Saquil, 337 F.3d at 987. An alien's failure to present easily available, material, corroborating evidence to support her asylum claim may doom her application for asylum. See Perinpanathan v. INS, 310 F.3d 594, 598 (8th Cir. 2002); Sidhu v. INS, 220 F.3d 1085, 1090 (9th Cir. 2000).

Here, the IJ specifically found Loulou's testimony was not credible and she had not provided easily obtainable documentation to corroborate and support her claim. The IJ had specific, cogent reasons for disbelieving Loulou. See Melecio-Saquil, 337 F.3d at 987. For example, Loulou testified she had last spoken to her mother in June 1998, when her mother called from Ethiopia, but in reality, Loulou spoke to her less than thirty days before the hearing while her mother was visiting the United States. Despite her mother's presence in the country and her value as the only potential witness with first-hand knowledge of the alleged persecution, Loulou did not tell her own attorney about her mother's presence. Instead, the IJ learned Loulou's mother was here through the testimony of another witness. Rather than presenting her mother's testimony under oath, telephonically or otherwise, Loulou submitted two unsworn letters that failed to answer many obvious questions. Under the circumstances, substantial evidence supports the IJ's decision that Loulou's failure

to call her mother as a witness had a major adverse impact on her credibility. See Sidhu, 220 F.3d at 1089-91.

Loulou's testimony contained other material inconsistencies that cast doubt on her credibility. Loulou testified police had murdered her father, but in an affidavit claimed he had gone into hiding. She testified police harassed her mother about her father's whereabouts after his disappearance, yet claimed police had killed him before the harassment allegedly occurred. Loulou also stated her mother reported her father's disappearance, but there are no police reports documenting his disappearance. Likewise, Loulou did not attempt to obtain hospital records showing her father had been hospitalized. Further, neither Loulou nor her mother sought assistance from their human rights organizations to find him or determine his fate. Loulou also failed to explain her mother's ability to travel to the United States for an extended vacation, despite her alleged persecution.

In sum, substantial evidence supports the IJ's conclusion that Loulou is not eligible for asylum. We thus deny Loulou's petition for review of the BIA's decision. We vacate the order of deportation, however, and reinstate Loulou's previously granted voluntary departure period under terms and conditions prescribed by the BIA. See Velasquez v. Ashcroft, 342 F.3d 55, 59 (1st Cir. 2003); Aiyadurai v. INS, 683 F.2d 1195, 1201 (8th Cir. 1982).

_____