# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4074

_____

| | | |
|---|---|---|
| Xidan Tang, | * | |
| | * | |
| Petitioner, | * | On Petition for Review from the |
| | * | Immigration and Naturalization |
| v. | * | Service. |
| | * | |
| John Ashcroft, Attorney General of | * | [UNPUBLISHED] |
| the United States of America, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted:  March 12, 2004

Filed:  March 18, 2004

_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

After Xiadan Tang, a citizen of China, entered the United States using fraudulent documents, she conceded removability but applied for asylum, withholding of removal, and relief under the Convention Against Torture.  Tang asserted she was forced by the Chinese government to have an abortion in 1999, and she was beaten by government officials in 2000 because she failed to show up for quarterly gynecological exams.  See 8 U.S.C. § 1101(a)(42) (stating a person who has been forced to abort a pregnancy shall be deemed to have been persecuted on account of political opinion).  Although Tang left China for vacations after her alleged abortion

and returned voluntarily, she claims she would be persecuted if returned to China now. After multiple hearings, an immigration judge (IJ) denied Tang's applications. The IJ found Tang had used a fake passport to help get her out of United States custody, she had been deceptive, and she had lied to suit the situation before her at any given time. The IJ observed Tang presented no medical evidence that she had lost her virginity and found the claimed abortion implausible in light of Tang's testimony she traveled to Hong Kong immediately afterward to vacation with four friends, then returned to China voluntarily because she had forgotten about the abortion. The IJ also found Tang's testimony about the beatings incredible because it was inconsistent with her other testimony and her asylum application. The IJ concluded Tang did not have a credible fear of persecution if returned to China. The Board of Immigration Appeals (BIA) summarily affirmed under its streamlined review procedure, 8 C.F.R. § 3.1(a)(7). Tang petitions for review, and we deny her petition.

Tang first asserts the IJ committed error in denying her relief because her testimony was credible. To prevail on her asylum claim, Tang had to show she has a well-founded fear of persecution that is "both subjectively genuine and objectively reasonable." Ghasemimehr v. INS, 7 F.3d 1389, 1390 (8th Cir. 1993). To show a subjective fear, Tang must present credible testimony that she genuinely fears persecution. Id. To show an objectively reasonable fear, Tang must present credible, direct, and specific evidence of facts showing a reasonable person in her position would fear persecution if returned to China. Id. We defer to an IJ's finding that an alien's testimony is not credible "if the finding is supported by a specific, cogent reason for disbelief." Loulou v. Ashcroft, 354 F.3d 706, 709 (8th Cir. 2003). Here, the IJ noted Tang's testimony was full of inconsistencies, implausible explanations, and unanswered questions. Further, the IJ found, for specific reasons, that Tang's supporting documents were of a highly questionable and suspicious nature. Because a reasonable factfinder could refuse to find the required fear of persecution, we must accept the IJ's finding that Tang failed to show a well-founded fear of persecution.

-2-

Id. Thus, substantial evidence supports the IJ's conclusion that Tang is not eligible for asylum. Id. at 710.

Tang next asserts the streamlined review procedures violate due process. We have already held the streamlined review procedure does not violate an alien's due process rights. Id. at 708. An alien has no constitutional or statutory right to an administrative appeal, and has no regulatory right to a full opinion by the BIA. Id. When the BIA summarily affirms an IJ, we simply review the IJ's order as the agency's final decision. Id.

Tang also contends the BIA's streamlined review procedure denies her right to equal protection because aliens do not have same right to a formal appellate opinion under 8 C.F.R. § 3.1(a)(7) that nonaliens have under the Administrative Procedures Act, 5 U.S.C. § 557(c). The Equal Protection Clause directs that all similarly situated persons shall be treated alike, but does not require things that are different to be treated the same. Plyler v. Doe, 457 U.S. 202, 216 (1982). Equal protection extends to aliens who are illegally present in the United States. Id. at 210. Undocumented aliens are not a suspect class or otherwise entitled to a heightened standard of review, however. Id. at 223; Vasquez-Velezmoro v. INS, 281 F.3d 693, 697 (8th Cir. 2002). "[A] statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993). Here, the reason for the government's different treatment of aliens is not arbitrary or unreasonable. Vasquez-Velezmoro, 281 F.3d at 697. Congress has very broad power to legislate over the admission of aliens. Fiallo v. Bell, 430 U.S. 787, 792 (1977). Tang does not contend nor does the record reveal any basis for finding that the IJ or BIA treated her differently from similarly situated aliens.

We thus deny Tang's petition for review.

_____