# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1816

_____

| | |
|---|---|
| Aleksei Svedenko, | * |
| | * |
| Petitioner, | * |
| | *  Petition for Review of |
| v. | *  an Order of the Board of |
| | *  Immigration Appeals |
| John Ashcroft, Attorney General of | * |
| the United States of America, | *      [UNPUBLISHED] |
| | * |
| Respondent. | * |

_____

Submitted:   April 7, 2004

Filed:   April 29, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.


Aleksei Svedenko, a native of the former U.S.S.R.,[1] petitions for review of an order of the Board of Immigration Appeals (BIA) summarily affirming an

---

[1]At the asylum hearing, the immigration judge (IJ) indicated that she would designate Russia as the country to which Svedenko was to be removed and would designate Estonia as an alternative country of removal. (Svedenko had lived in Estonia for 20 years before entering the United States, and had sought asylum based on persecution in both Russia and Estonia.)

Immigration Judge's (IJ's) denial of his application for asylum. For reversal, Svedenko argues that the BIA clearly erred in affirming without an opinion, that the IJ wrongly decided the issues of past persecution and his credibility, and that he thus was denied due process. For the reasons discussed below, we deny the petition.

We reject Svedenko's challenge to the summary affirmance procedures the BIA invoked, see Loulou v. Aschroft, 354 F.3d 706, 708 (8th Cir. 2003) (affirmance without opinion does not violate alien's due process rights), and we conclude that the denial of Svedenko's application is supported by substantial evidence in the record as a whole, see Menendez-Donis v. Ashcroft, 360 F.3d 915, 919 (8th Cir. 2004) ("the evidence must be such that it would be possible for a reasonable fact-finder to reach the same conclusions"). Specifically, we defer to the IJ's adverse credibility findings, because the IJ explained that Svedenko's testimony lacked specificity and was contradictory and uncorrobated. See Perinpanathan v. INS, 310 F.3d 594, 597-98 (8th Cir. 2002) (court of appeals defers to IJ's credibility findings where findings are supported by specific, cogent reason for disbelief; adverse credibility findings were supported by substantial evidence where asylum applicant failed to provide documentary evidence to support claim, gave conflicting testimony, and failed to authenticate any of his testimony). We find substantial evidence also supports the IJ's alternative finding that, aside from the credibility issue, Svedenko did not show he suffered past persecution. See Regalado-Garcia v. INS, 305 F.3d 784, 787 (8th Cir. 2002) (defining persecution).

Accordingly, we deny the petition.

_____