# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1735

_____

Taiwo Rufus Agboola,           *
                               *
         Petitioner,        *
                               *   Petition for Review of an
   v.                    *   Order of the Board of
                               *   Immigration Appeals.
John Ashcroft, Attorney General of the  *
United States,              *   [UNPUBLISHED]
                               *
        Respondent.      *

_____

Submitted:  May 5, 2004

Filed:  May 10, 2004
_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Taiwo Rufus Agboola, a Nigerian citizen, seeks review of an order of the Board of Immigration Appeals (BIA) affirming the denial of his application for asylum.  After careful review of the record, we deny the petition.  See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review).

Agboola generally argues that his procedural and substantive due process rights were violated because the immigration judge (IJ) disallowed the testimony of his expert witness.  We disagree.  See Escudero-Corona v. INS, 244 F.3d 608, 614 (8th

Cir. 2001) (reviewing constitutional challenges de novo). Agboola has not described testimony the proposed expert would have provided that might have changed the IJ's conclusive determinations. See Kerciku v. INS, 314 F.3d 913, 918 (7th Cir. 2003) (per curiam) (to find due process violation, applicant must show he was prejudiced by IJ's refusal to hear testimony, i.e., that testimony had potential for affecting outcome). Nor has he explained how the IJ's decision to exclude the testimony at issue constituted a substantive due process violation. Cf. Putnam v. Keller, 332 F.3d 541, 547-48 (8th Cir. 2003) (substantive due process claim requires showing that government officials' arbitrary action was conscience-shocking).

Agboola also argues that he should have received asylum based on his religious beliefs and membership in a particular social group. This argument fails as well. The IJ based his asylum decision primarily on his determination that Agboola had misrepresented a material fact by submitting a fraudulent document. See 8 U.S.C. § 1182(a)(6)(C)(i) (alien who, by fraud or willful misrepresentation of material fact, seeks to procure admission to United States is inadmissible). The IJ also gave multiple other reasons for finding that Agboola's assertions regarding a fear of persecution were not credible. We, like the BIA, defer to the IJ's credibility findings, as they are well supported by the record and by specific cogent reasons. See Loulou v. Ashcroft, 354 F.3d 706, 709 (8th Cir. 2003), *amended by*, No. 02-3004, slip op. (8th Cir. April 28, 2004).

Accordingly, we deny the petition.

_____