# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1782
_____

| | | |
|---|---|---|
| Tilahun Mengesha, | * | |
| | * | |
| Petitioner, | * | Petition for Review of an |
| | * | Order of the Board of |
| v. | * | Immigration Appeals. |
| | * | |
| John Ashcroft, Attorney General, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: May 14, 2004

Filed: May 19, 2004
_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.
_____

PER CURIAM.

Tilahun Mengesha, an Ethiopian citizen, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of his application for asylum and withholding of removal. After careful review of the record, see Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review), we deny the petition.

We defer to the IJ's credibility findings because they were based on specific inconsistencies in the record, and like the BIA, we find that the inconsistencies cannot be explained by the factors upon which Mengesha seeks to rely. See Loulou v.

Ashcroft, 354 F.3d 706, 709-10 (8th Cir. 2003) (deferring to IJ's credibility findings that are supported by specific, cogent reasons; upholding findings that were based partly on material inconsistencies in Ethiopian asylum applicant's testimony), amended by, No. 02-3004, slip op. (8th Cir. Apr. 28, 2004).

Because the IJ's credibility findings are entitled to deference, we agree that there was no basis for finding past persecution under the post-Mengistu government, cf. Perinpanathan v. INS, 310 F.3d 594, 598 (8th Cir. 2002) (applicant is entitled to presumption of well-founded fear of future persecution if past persecution is shown), and that Mengesha failed to demonstrate a fear of future persecution, see Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997) (well-founded fear must be subjectively genuine and objectively reasonable). Even if Mengesha belonged to the All Amhara People's Organization (AAPO) and was warned several times not to participate in anti-government activities, when the IJ issued his decision Mengesha had not been in Ethiopia for five years. Cf. Yuk v. Ashcroft, 355 F.3d 1222, 1235 (10th Cir. 2004) (unfulfilled threats are properly considered in determining if petitioner has reasonable fear of future persecution, but length of time since threat was received diminishes its present significance). Further, Mengesha testified that he had not been an AAPO leader in Ethiopia and his AAPO activities in America had been minimal, and State Department reports indicated AAPO members who renounced violence were not being harassed. Cf. Feleke, 118 F.3d at 598-99 (petitioner showed some intolerance of opposition views in Ethiopia, but did not show objectively reasonable threat of persecution to members in his group who had not advocated violence or participated in former terrorist regime, or egregious group persecution so as to lessen amount of evidence of individualized persecution required). Finally, because we agree with the IJ's decision as to asylum, we also uphold the IJ's decision as to withholding of removal. See Francois v. INS, 283 F.3d 926, 932-33 (8th Cir. 2002) (standard for withholding of removal is more onerous than asylum standard).

Accordingly, we deny the petition.

_____