# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1158

_____

Sinnathurai Sivakaran,        *
           *
    Petitioner,         *
           *  Petition for Review of
    v.           *  an Order of the Board of
           *  Immigration Appeals
John Ashcroft, Attorney General of the  *
United States of America,    *
           *
    Respondent.        *

_____

Submitted:   March 19, 2004

Filed:   May 25, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Sinnathurai Sivakaran, a citizen of Sri Lanka, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). For reversal, Sivakaran argues that, among other things, the IJ improperly found he was not credible and had not met his burden of proof for asylum, withholding of removal, and CAT relief. For the reasons discussed below, we affirm in part and remand in part.

We conclude that the BIA's decision on Sivakaran's asylum application is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 918-19 (8th Cir. 2004). Specifically, the IJ discredited Sivakaran's testimony about past persecution he suffered, and we defer to that credibility finding because it was supported by specific, cogent reasons for disbelief. See Nyama v. Ashcroft, 357 F.3d 812, 817 (8th Cir. 2004) (per curiam) (deference standard). In light of the adverse credibility determination and Sivakaran's failure to provide corroborative evidence, his asylum claim fails, regardless of the reason for the alleged persecution, see Loulou v. Ashcroft, 354 F.3d 706, 709-10 (8th Cir. 2003), amended by No. 02-3004, slip op. (8th Cir. Apr. 28, 2004); and because Sivakaran failed to meet the lower burden of proof on the asylum claim, he also failed to meet the higher burden for withholding of removal, see Francois v. INS, 283 F.3d 926, 932-33 (8th Cir. 2002).

We conclude that without further factfinding and analysis as to whether Sivakaran is more likely than not to suffer torture within the meaning of the CAT if returned to Sri Lanka, see 8 C.F.R. § 208.16(c)(2) (2003), we are unable to review the disposition of Sivakaran's CAT claim. See Habtemicael v. Ashcroft, 360 F.3d 820, 828 (8th Cir. 2004) (remanding CAT claim for further factfinding because IJ's brief analysis was inadequate, and immigration court is proper forum to make factual determinations relevant to CAT claim). We note that the IJ's adverse credibility determination and adverse decisions on asylum and withholding of removal are not determinative of the CAT claim. See Ramsameachire v. Ashcroft, 357 F.3d 169, 184-86 (2d Cir. 2004) (finding that CAT inquiry is independent of asylum analysis); Zubeda v. Ashcroft, 333 F.3d 463, 476 (3d Cir. 2003) (finding that adverse asylum and withholding determinations did not control analysis of CAT claim, and stating that "taint of the earlier adverse credibility determination" in asylum context should not be allowed to "bleed through" to BIA's consideration of CAT claim).

Accordingly, we affirm the BIA's denial of asylum and withholding of removal, and we vacate the BIA's denial of Sivakaran's CAT claim and remand for further proceedings consistent with this opinion.

_____