# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4116

_____

| | | |
|---|---|---|
| Velupillai Anandanadesan; Mable Anandanadesan; Rathai Anandanadesan; Ananthi Anandanadesan, | * * * * * | |
| Petitioners, | * * | |
| v. | * * * | Petition for Review of an Order of the Board of Immigration Appeals. |
| John Ashcroft, | * * | [UNPUBLISHED] |
| Respondent. | * | |

_____

Submitted: March 5, 2004
Filed: March 29, 2004
Amended: June 8, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Velupillai Anandanadesan, a Sri Lankan citizen, and his wife and children, who are citizens of the United Kingdom (UK), seek review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). After careful review of the record, we deny the petition because the IJ's factual findings are supported by substantial evidence in the record

as a whole, and the evidence is "such that it would be possible for a reasonable fact-finder to reach the same conclusions" as the IJ.  See Menendez-Donis v. Ashcroft, 360 F.3d 915, 919 (8th Cir. 2004).

We need not address the IJ's determination that Anandanadesan had firmly resettled in the UK -- and thus was barred from applying for asylum -- because we sustain the IJ's alternative finding that Anandanadesan failed to establish past persecution or a well-founded fear of future persecution based on political views, religion, or membership in the Tamil ethnic group.  Although the evidence revealed that Anandanadesan was arrested three times before leaving Sri Lanka in July 1980, the arrests were several years apart, and two of the arrests were brief and resulted in no injuries.  See Regalado-Garcia v. INS, 305 F.3d 784, 787-88 (8th Cir. 2002).  A reasonable factfinder could agree with the IJ that the third arrest, although it involved beatings and repeated questioning, did not constitute past persecution. Anandanadesan was not a member of the Liberation Tigers of Tamil Ealam (LTTE); rather, the arresters were seeking information from Anandanadesan about certain LTTE members, and Anandanadesan was released without serious injury after a bribe. A month later, he was able to obtain a passport, and thereafter to renew it.  See Ghasemimehr v. INS, 7 F.3d 1389, 1390-91 (8th Cir. 1993) (per curiam) (where petitioner did not assert police singled him out for search because of his political views, he failed to show past political persecution).  Although Anandanadesan received numerous phone calls while in the UK, they involved unfulfilled threats and stopped when he left the UK in 1990.  See Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) (unfulfilled threats alone do not constitute past persecution unless they are so menacing as to cause significant actual suffering or harm).  As to Anandanadesan's fear of future persecution, the reasons he gave for having such a fear were either speculative, based on dated events in the face of changed circumstances, or were not based on evidence of a particularized fear or situation posing danger different than that faced by other Sri Lankans.  See Safaie v. INS, 25 F.3d 636, 640-41 (8th Cir. 1994).

Because we find that the IJ's decision on asylum should be upheld, the request for withholding of removal, which was based on the same evidence as the asylum claim, necessary fails as well. See Francois v. INS, 283 F.3d 926, 932-33 (8th Cir. 2002). We reject petitioners' claim based on the Convention Against Torture, because we conclude that the evidence did not compel a finding by the IJ that petitioners more likely than not would be subject to torture upon return to Sri Lanka. See Habtemicael v. Ashcroft, 360 F.3d 820, 824, 827 (8th Cir.2004) (standards of proof and review). Finally, we reject petitioners' challenges to the BIA's streamlined procedures. See Loulou v. Ashcroft, 354 F.3d 706, 708-09 (8th Cir. 2003).

Accordingly, we deny the petition.

_____