# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2449

_____

| | | |
|---|---|---|
| Confidence Aleru, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Board of |
| | * | Immigration Appeals. |
| John Ashcroft, Attorney General | * | |
| of the United States of America, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: June 17, 2004
Filed: June 30, 2004

_____

Before SMITH, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Confidence Aleru petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed without opinion an Immigration Judge's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture. Aleru presents three arguments for reversal. Because her contentions are foreclosed by recent decisions of this court, we deny the petition.

Aleru first argues that the BIA's decision to affirm without opinion (AWO) did not comply with the governing regulation, 8 C.F.R. § 1003.1(e)(4), because she presented a novel and substantial new argument to the BIA for the first time on

appeal, and because the Immigration Judge's decision was incorrect as a matter of law. This argument is foreclosed by *Ngure v. Ashcroft*, 367 F.3d 975, 983 (8th Cir. 2004), which held that "the BIA's decision whether to employ the AWO procedure in a particular case is committed to agency discretion and not subject to judicial review." Second, Aleru claims that the AWO procedure violates the fundamental rule of administrative law that agencies must sufficiently explain their decisions in order to allow for meaningful judicial review. *See SEC v. Chenery Corp.*, 318 U.S. 80, 94-95 (1943); *SEC v. Chenery Corp.*, 332 U.S. 194, 196-97 (1947). We considered and rejected this argument in *Ngure*, 367 F.3d at 988, because the decision of the immigration judge satisfies the requirement that the agency provide a reasoned explanation for judicial review. Aleru contends that *Ngure* was wrongly decided, but even if we were inclined to agree, one panel of the court cannot overrule another. *United States v. Prior*, 107 F.3d 654, 660 (8th Cir. 1997). Finally, Aleru argues that the AWO procedure violates her due process rights under the Fifth Amendment. Like every other circuit to consider the question, we have held the AWO procedure does not violate the Fifth Amendment. *Loulou v. Ashcroft*, 354 F.3d 706, 708 (8th Cir. 2004).

Accordingly, the petition for review is denied.

_____