# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2831

_____

Pascal Atem,

  Petitioner,

 v.

John Ashcroft, Attorney General of
the United States of America,

  Respondent.

   \*   Petition for Review of an
   \*   Order of the Board of
   \*   Immigration Appeals.
   \*
   \*   [UNPUBLISHED]

_____

Submitted: July 2, 2004
Filed: July 27, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

  Pascal Atem, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of his application for asylum and withholding of removal, and for relief under the Convention Against Torture (CAT). On appeal, Atem argues that (1) the IJ erred in denying his application for asylum and withholding of removal because Atem provided credible testimony and evidence that he was persecuted in Cameroon, and (2) it was more probable than not he would be tortured if he returns to Cameroon. After careful review of the record, we deny the petition.

The IJ rejected Atem's asylum claim on the ground that his testimony about alleged persecution and other matters was not credible. We find that the IJ's adverse credibility determination was supported by specific, cogent reasons for disbelief, and is thus entitled to deference. See Nyama v. Ashcroft, 357 F.3d 812, 817 (8th Cir. 2004) (per curiam) (deference standard); Loulou v. Ashcroft, 354 F.3d 706, 709-10 (8th Cir. 2004) (applicant was ineligible for asylum where testimony was not credible and she had not provided easily obtainable documentation to corroborate and support her claim). To the extent that Atem's reference to torture is an attempt to revive his request for relief under the CAT, it is unavailing, as he did not raise the issue in his appeal to the BIA. See Afolayan v. INS, 219 F.3d 784, 788 (8th Cir. 2000). Finally, because we agree with the IJ's decision as to asylum, we also uphold the IJ's decision as to withholding of removal. See Francois v. INS, 283 F.3d 926, 932-33 (8th Cir. 2002) (standard for withholding of removal is more onerous than asylum standard).

Accordingly, we deny the petition.

_____