# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-1712

———————

| | | |
|---|---|---|
| Helen Wolde, | * | |
| | * | |
| Petitioner, | * | |
| | * | On Appeal from the Board |
| v. | * | of Immigration Appeals. |
| | * | |
| John Ashcroft, Attorney General of the | * | [UNPUBLISHED] |
| United States of America, | * | |
| | * | |
| Respondent. | * | |

———————

Submitted: July 22, 2004
Filed: August 5, 2004

———————

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Helen Wolde, a citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ's") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. On appeal, Wolde contends that (1) the BIA's decision to affirm without opinion not only violated her right to due process, but constituted an abuse of discretion; and (2) the IJ erroneously determined that she failed to establish the requisite well-founded fear of persecution. After careful review of the record, see Habtemicael v. Ashcroft, 370 F.3d 774, 779 (8th Cir. 2004) (standard of review), we deny the petition.

In view of this court's precedent, Wolde's various challenges to the BIA's streamlining procedures are not well-taken.  See Ngure v. Ashcroft, 367 F.3d 975, 983-88 (8th Cir. 2004) (concluding, after lengthy analysis, that the BIA's decision to issue an affirmance without opinion is not subject to judicial review); Loulou v. Ashcroft, 354 F.3d 706, 708-09 (8th Cir. 2003) (concluding that the BIA's streamlined review procedure does not violate an alien's constitutional right to due process).  Moreover, we find no error in the IJ's factual determination that Wolde failed to demonstrate a well-founded fear of persecution.  Although Wolde claimed to fear future persecution on the basis of her membership in the Coalition of Ethiopian Democratic Forces (COEDF), the IJ offered specific and cogent reasons for discrediting her testimony.  See Nyama v. Ashcroft, 357 F.3d 812, 817 (8th Cir. 2004) (noting the deference owed to an IJ's credibility finding).  Wolde was unable to accurately testify regarding the details of COEDF's operations in the United States, including whether it maintained a website, published a newsletter, or even required its members to pay dues.  In fact, while she acknowledged that the COEDF issues membership cards, Wolde failed to produce her own.  We have considered the remainder of Wolde's arguments and find them to be without merit.

Accordingly, the petition for review is denied.

_____