# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2317

_____

Negussie Fedessa Bussa; Leiouwerk    *
Tsegaye; Hawi Negussie Bussa; Alko   *
Negussie Bussa,                               *
                                             *

          Petitioners,           *
                                             *   Petition for Review of an
     v.                          *   Order of the Board of
                                             *   Immigration Appeals.
John Ashcroft, Attorney General     *
of the United States of America,      *   [UNPUBLISHED]
                                             *
          Respondent.         *

_____

Submitted: November 5, 2004
Filed: December 9, 2004

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.


    Ethiopian citizens Negussie Fedessa Bussa (Negussie) and his wife (Tsegaye) and two daughters (collectively, the Bussas), petition for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). On appeal, the Bussas challenge the IJ's adverse credibility determination, argue that the BIA's decision to affirm without opinion violated their due process

right, and assert that the IJ failed to consider the evidence relevant to granting CAT relief.

After careful review of the record, we conclude that the IJ's decision on the Bussas' asylum application is supported by substantial evidence on the record as a whole. See Dominguez v. Ashcroft, 336 F.3d 678, 679-80 (8th Cir. 2003) (summary affirmance by BIA adopts IJ's decision which then becomes final agency determination for purposes of judicial review); Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997) (standard of review). Specifically, the IJ discredited Negussie's testimony because of inconsistencies between his testimony and an asylum application he had filed in 1994, including significant omissions from the 1994 asylum application; the implausibility of some of his allegations; and the Bussas' lack of candor regarding Tsegaye's ear problems, which petitioners linked to violence inflicted on Tsegaye by government officers in Ethiopia. Because the IJ's credibility finding was supported by specific, cogent reasons for disbelief, we defer to the finding. See Nyama v. Ashcroft, 357 F.3d 812, 817 (8th Cir. 2004) (per curiam) (deference standard); Kondakova v. Ashcroft, 383 F.3d 792, 796 (8th Cir. 2004) (inconsistencies or omissions that go to heart of asylum claim will support adverse credibility determination); Dia v. Ashcroft, 353 F.3d 228, 250 (3d Cir. 2003) (administrative arbiters may draw inferences based on common sense and logic, as well as on personal experience and background knowledge). The Bussas' request for withholding of removal thus fails as well, see Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999) (withholding-of-removal standard is more difficult to meet than asylum standard), as does their due process challenge to the affirmance-without-opinion procedure, see Loulou v. Ashcroft, 354 F.3d 706, 708-09 (8th Cir. 2003) (concluding affirmance without opinion of IJ's decision does not violate alien's due process right).

We conclude, however, that without further fact-finding and analysis as to whether the Bussas are more likely than not to suffer torture within the meaning of

the CAT if returned to Ethiopia, <u>see</u> 8 C.F.R. § 208.16(c)(2) (2004), we are unable to review the disposition of the Bussas' CAT claim, <u>see</u> <u>Zewdie v. Ashcroft</u>, 381 F.3d 804, 806-10 (8th Cir. 2004) (remanding CAT claim and directing BIA to assess evidence and "come to a reasoned conclusion based on a thorough analysis of the evidence"); <u>Sivakaran v. Ashcroft</u>, 368 F.3d 1028, 1029 (8th Cir. 2004) (remanding CAT claim for further fact-finding and analysis as to whether alien is more likely than not to suffer torture within meaning of CAT); <u>Habtemicael v. Ashcroft</u>, 370 F.3d 774, 783 (8th Cir. 2004) (remanding CAT claim for further fact-finding because IJ's brief analysis was inadequate and immigration court is proper forum to make factual determinations relevant to CAT claim).

Accordingly, we deny the petition with regard to the denial of asylum and withholding of removal, but we grant the petition with regard to the denial of the Bussas' CAT claim and we remand for further proceedings consistent with this opinion. We deny the Bussas' motion to supplement the record. <u>See</u> <u>Ikenokwalu-White v. INS</u>, 316 F.3d 798, 805 n.10 (8th Cir. 2003) (review of final order of deportation is limited to administrative record).

_____