# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2923

_____

Thierno Moussa Barry,                *
                                          *

          Petitioner,           *
                                          *   Petition for Review of

    v.                            *   an Order of the
                                          *   Board of Immigration Appeals.

John Ashcroft, Attorney General     *
of the United States of America,      *   [UNPUBLISHED]
                                          *

         Respondent.        *

_____

Submitted: January 21, 2005
Filed: January 27, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Thierno Moussa Barry, who claims to be a citizen of Sierra Leone, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed without opinion an Immigration Judge's (IJ's) denial of asylum, withholding of removal, relief under the Convention Against Torture (CAT), and voluntary departure.[1] On appeal, Barry challenges the IJ's findings that he was not credible and

_____

[1]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003); 8 C.F.R. § 1003.1(e)(4) (2004).

did not suffer past persecution or have a well-founded fear of future persecution. He also argues that the BIA's affirmance-without-opinion procedure violated his due process and equal protection rights.

After careful review of the record, we conclude that the IJ's decision on Barry's asylum application is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review). The IJ discredited Barry's allegations of citizenship and persecution because his testimony contained significant inconsistencies with his asylum application; he submitted documents whose authenticity was questionable, and he failed to provide originals of the documents; and his Guinean passport, which he alleged was false, appeared valid. See Nyama v. Ashcroft, 357 F.3d 812, 816-17 (8th Cir. 2004) (per curiam) (deference standard); Kondakova v. Ashcroft, 383 F.3d 792, 796 (8th Cir. 2004) (IJ's credibility finding was supported by specific, cogent reasons for disbelief where alien's testimony and asylum application were inconsistent); cert. denied, 73 U.S.L.W. 3287 (U.S. Jan. 10, 2005) (No. 04-584); Daiga v. INS, 183 F.3d 797, 798 (8th Cir. 1999) (per curiam) (upholding adverse credibility finding where alien offered inconsistent testimony and submitted questionable documents).

In addition, because Barry failed to meet the burden of proof on his asylum claim, his application for withholding of removal necessarily fails as well, see Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999) (withholding-of-removal standard is more difficult to meet than asylum standard); we see no basis in the record for relief under the CAT, see Ngure v. Ashcroft, 367 F.3d 975, 992-93 (8th Cir. 2004) (discussing requirements for CAT relief); and we reject Barry's due process and equal protection challenges to the BIA's affirmance-without-opinion procedure, see Loulou v. Aschroft, 354 F.3d 706, 708-09 (8th Cir. 2003) (affirmance without opinion does not violate due process where alien received full hearing before IJ, detailed and reasoned opinion from IJ, opportunity to present arguments to BIA, and decision from BIA member); Johnson v. City of Minneapolis, 152 F.3d 859, 862 (8th Cir. 1998) (to

state equal protection claim, claimant must establish treatment differing from that accorded to others similarly situated), <u>cert. denied</u>, 525 U.S. 1142 (1999); <u>Tang v. Ashcroft</u>, 92 Fed. Appx. 375, 377 (8th Cir. 2004) (unpublished per curiam) (affirmance without opinion does not violate equal protection where there was no basis for finding BIA treated alien differently from other similarly situated aliens).

Accordingly, we deny the petition.

_____