# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4125

_____

Nasser Abdulmalik Mohamed,       *
                                      *

          Petitioner,        *

                                      *   Petition for Review of an Order
        v.                  *   of the Board of Immigration Appeals.

                                        *

John Ashcroft, Attorney General of the  *
United States,                 *

                                        *

          Respondent.      *

_____

Submitted: May 14, 2004
Filed: February 2, 2005

_____

Before MURPHY, HEANEY, and MAGILL, Circuit Judges.

_____

MAGILL, Circuit Judge.

Nasser Abdulmalik Mohamed, who claims to be a native of Somalia, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming without opinion an immigration judge's (IJ's) denial of his application for asylum.[1] Mohamed

_____

[1]The BIA also denied Mohamed withholding of removal and relief under the Convention Against Torture. Mohamed does not appeal those rulings.

argues for reversal on two bases: (1) that the BIA violated his due process rights by employing its streamlining regulations to process his appeal from the IJ decision and (2) that the IJ improperly found he was not credible.[2] We deny the petition.

Mohamed's due process challenge is foreclosed by our precedent. In <u>Loulou v. Ashcroft</u>, we held that the BIA's streamlining regulations, which allow the BIA to affirm IJ decisions without issuing independent opinions, do not violate due process. 354 F.3d 706, 708 (8th Cir. 2003) (amended Apr. 28, 2004). An alien has neither a constitutional nor a statutory right to an administrative appeal. <u>Id.</u> The BIA regulations create any rights to administrative appeal, and those regulations do not give applicants the right to full explanatory opinions. <u>Id.</u> Where the BIA affirms without opinion we simply review the decision of the IJ directly; the availability of such review is sufficient to satisfy due process. <u>Id.</u>

We review denials of asylum for abuse of discretion, and underlying factual findings for substantial support by the record. <u>Manivong v. Dist. Dir., U.S. Dep't of Justice INS</u>, 164 F.3d 432, 433 (8th Cir. 1999). An IJ's factual determinations "must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." <u>Tang v. INS</u>, 223 F.3d 713, 718 (8th Cir. 2000) (citations and quotations omitted). We defer to an IJ's "credibility finding where the finding is supported by a specific, cogent reason for disbelief." <u>Perinpanathan v. INS</u>, 310 F.3d 594, 597 (8th Cir. 2002) (quotation omitted).

At his asylum hearing, Mohamed testified that at age nine he left Somalia for Yemen with his uncle. Six years later, he returned and reunited with his parents. Shortly after his return, members of the Hawiye clan invaded the family home and

_____

[2]Mohamed objects to other aspects of the IJ's decision. We do not address those arguments here because the IJ's decision is sustainable based on the adverse credibility finding alone.

demanded valuables. When his parents denied having anything to give, the Hawiye struck Mohamed's mother and abducted his father. Though his father returned, Mohamed fled the country and ultimately landed in Kenya. Mohamed also testified that he was informed, anonymously and by telephone, that his mother had been killed and his father abducted again some time after he reached Kenya. Mohamed claims that the Hawiye attacked his family because they were members of the Hatimi clan. These incidents are the primary bases of his asserted fear of persecution.

The IJ disbelieved Mohamed's testimony because most of the crucial portions appeared for the first time at the asylum hearing. In his earlier statements, Mohamed included no mention of persecution based on clan membership, did not mention that he ever returned to Somalia, and also omitted the fact that his father was abducted twice and his mother beaten and murdered. These discrepancies, together with the lack of any corroborating evidence, convinced the IJ that Mohamed was not credible.

We conclude that the IJ's adverse credibility determination is supported by substantial evidence on the record as a whole. To prevail against the IJ's ruling, Mohamed must demonstrate that no reasonable fact-finder could have failed to find the required fear of persecution. Perinpanathan, 310 F.3d at 597. The discrepancies identified by the IJ are concrete and relevant, and warranted the IJ's decision not to believe Mohamed, see id. at 598, because they are both substantial and tightly related to the determination that Mohamed did not meet his burden of showing eligibility for asylum. Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir. 2001). Mohamed appears to have changed his story radically to make it conform with the requirements of our asylum law. The IJ's credibility determination intact, her ruling must stand.

We deny the petition for review.

_____