# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————

No. 03-3737

————

Ehab El Ashmawy,                                          *
                                                         *
            Petitioner,                                   *
                                                         *   Petition for Review of
      v.                                                 *   an Order of the
                                                         *   Board of Immigration Appeals.
Alberto Gonzales,[1] Attorney General of                 *        [UNPUBLISHED]
the United States,                                       *
                                                         *
            Respondent.                                   *

————

Submitted:  May 5, 2005
    Filed:  May 10, 2005

————

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

————

PER CURIAM.

Ehab El Ashmawy, a citizen of Egypt, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

—————————

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Ashmawy entered the United States in October 1997 on a six-month nonimmigrant visa. In February 2000 the former Immigration and Naturalization Service (INS) charged him with being removable for having remained in the United States beyond the authorized period. In August 2000 Ashmawy conceded removability, and in March 2001 he applied for asylum, alleging that in 1998 he had converted from Islam to Mormon, and that he feared he would be tortured or killed if returned to Egypt because Muslims were forbidden from converting to Christianity. The IJ denied Ashmawy asylum because his asylum application was untimely, and denied him withholding of removal and CAT relief because he had not shown it was more likely than not that he would be persecuted in Egypt.

Ashmawy appealed to the BIA, which dismissed the appeal in October 2003. The BIA found that Ashmawy had not timely applied for asylum before the one-year deadline imposed by 8 U.S.C. § 1158(a)(2)(B), and had not shown changed or extraordinary circumstances that would have allowed him to file a late application under 8 U.S.C. § 1158(a)(2)(D). The BIA also denied withholding of removal and CAT relief because Ashmawy had failed to show it was more likely than not that he would be persecuted on the basis of his religion if returned to Egypt. The BIA stated that, although the 1997 Profile of Asylum Claims and Country Conditions Report indicated that Christians were subject to harassment and persecution by terrorist groups in Egypt, and Ashmawy had testified that he was baptized a Mormon in 1998 and attended church on Sundays for six or seven months, Ashmawy had not provided sufficient evidence that he would be subjected to persecution in Egypt. Specifically, Ashmawy failed to show that, since March 2000, he had continued to be involved in the Mormon church; that he currently practiced Mormonism by, for instance, attending services or other church functions or paying his tithes; or that he planned to continue to practice Mormonism if removed to Egypt.

Ashmawy now asserts that he is entitled to adjustment of status; challenges the denial of an I-130 immediate-relative visa petition filed on his behalf; and argues that

the BIA's denial of asylum was contrary to its finding that Christians face discrimination and persecution in Egypt, and that the BIA's summary affirmance violated his due process rights.

We lack jurisdiction to review Ashmawy's arguments regarding adjustment of status and the denial of his I-130 petition. See Hassan v. INS, 110 F.3d 490, 494 (7th Cir. 1997) (INS's decisions with regard to disposition of visa petition or change-of-status application are collateral issues that are not reviewable on appeal from deportation proceedings). We also lack jurisdiction to review the BIA's determination that Ashmawy's asylum application was untimely and that he did not show changed or extraordinary circumstances justifying his untimely asylum application. See 8 U.S.C. § 1158(a)(3) (courts do not have jurisdiction to review any determination with respect to timeliness of asylum application); Ngure v. Ashcroft, 367 F.3d 975, 988-89 (8th Cir. 2004) (judicial review of finding that alien did not show changed or extraordinary circumstances relating to delay in filing asylum application is precluded).

After careful review of the record, we conclude that Ashmawy's due process challenge fails. See Loulou v. Ashcroft, 354 F.3d 706, 708-09 (8th Cir. 2003) (BIA's summary affirmance does not violate due process). We also conclude that substantial evidence supports the BIA's denial of withholding of removal and denial of CAT relief. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review); Prokopenko v. Ashcroft, 372 F.3d 941, 946 (8th Cir. 2004) (alien who was not religiously active was unlikely to suffer religious persecution if returned to native country).

Accordingly, we deny the petition for review, and we deny respondent's motion to dismiss.

_____