# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3752

_____

| | |
|---|---|
| Negussie Fedessa Bussa; Leiouwerk Tsegaye; Hawi Negussie Bussa; Alko Negussie Bussa, | * * * * |
| Petitioners, | * * |
| v. | * Petition for Review of<br>* an Order of the Board<br>* of Immigration Appeals. |
| Eric H. Holder, Jr.,[1] Attorney General of the United States, | * * |
| | * [UNPUBLISHED] |
| Respondent. | * |

_____

Submitted: September 4, 2009
Filed: October 15, 2009

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this appeal following remand, Ethiopian citizens Negussie Bussa, his wife Leyouwerk Tsegaye, and their two daughters (collectively, the Bussas) petition for review of an order of the Board of Immigration Appeals (BIA), which affirmed an

---

[1]Eric H. Holder, Jr., has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

immigration judge's (IJ's) denial of relief under the Convention Against Torture (CAT).

In 2000, the IJ found the Bussas not credible and denied asylum, withholding of removal, and CAT relief. The BIA affirmed, and the Bussas petitioned for review. We denied the Bussas' petition as to asylum and withholding of removal, finding that the IJ's credibility finding was supported by specific, cogent reasons for disbelief, but remanded the CAT claim for further fact-finding and analysis.[2] See Bussa v. Ashcroft, 117 Fed. Appx. 489, 489-90 (8th Cir. 2004) (unpublished per curiam). On remand, the Bussas submitted evidence and testified at a merits hearing. In 2006 the IJ reaffirmed his earlier adverse credibility determination, and concluded that the Bussas did not meet their burden of proof for CAT relief. The BIA adopted and affirmed the IJ's decision.

We decline to review the IJ's initial adverse credibility determination, because we previously affirmed that credibility determination, the decision was not clearly erroneous, and the Bussas did not present substantially different evidence on remand. See Maxfield v. Cintas Corp., 487 F.3d 1132, 1134-35 (8th Cir. 2007) (explaining law-of-the-case doctrine); Kondakova v. Ashcroft, 383 F.3d 792, 797 (8th Cir. 2004) (affirming IJ's credibility finding because it was supported by specific, cogent reasons for disbelief). Because the Bussas' CAT claim was--and continued to be, on remand--based on the same discredited allegations, we conclude the adverse credibility determination was fatal to the Bussas' CAT claim. See Lybesha v. Holder, 569 F.3d 877, 881 (8th Cir. 2009); Alemu v. Gonzales, 403 F.3d 572, 576 (8th Cir. 2005) (IJ's adverse credibility finding that warranted denial of asylum and withholding of

---

[2]At the time, our case law suggested that independent analysis of CAT claims was required. See e.g. Zewdie v. Ashcroft, 381 F.3d 804, 806-10 (8th Cir. 2004); Sivakaran v. Ashcroft, 368 F.3d 1028, 1029 (8th Cir. 2004); Habtemicael v. Ashcroft, 370 F.3d 774, 783 (8th Cir. 2004).

removal also warranted denial of CAT claim that was based on same discredited allegations).

Accordingly, we deny the petition.  <u>See</u> 8th Cir. R. 47B.

_____