# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1903
_____

Maria Isabel Weidenburner

*Petitioner*

v.

Pamela Bondi, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: February 11, 2025
Filed: June 30, 2025
[Unpublished]
_____

Before SMITH, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Maria Isabel Weidenburner petitions for review of a Board of Immigration Appeals (BIA) order upholding an immigration judge's (IJ) denial of her motion to terminate her removal proceedings. We deny the petition.

Weidenburner, a lawful permanent resident, was arrested after she was discovered attempting to smuggle her 24-year-old son into the United States. Weidenburner ultimately pleaded guilty to one count of conspiracy to transport illegal aliens pursuant to 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and (B)(i). Thereafter, the Department of Homeland Security charged her with removability under § 1227(a)(2)(A)(iii), as she was a noncitizen convicted of an aggravated felony under § 1101(a)(43)(N).

Before the IJ, Weidenburner filed a motion to terminate her removal proceedings, arguing that she qualified for the exception to removability under § 1101(a)(43)(N). This statute allows an exception for a first offense when smuggling a spouse, child, or parent. However, the IJ found that the statute explicitly defined "child" to be an unmarried person under the age of 21 years. *See* 8 U.S.C. § 1101(b)(1). Weidenburner's 24-year-old son would not meet the requirements of the exception. *See id.* The BIA, using a one-member panel, affirmed.

We deny Weidenburner's petition because we do "not deviate from an express statutory definition merely because it varies from the term's ordinary meaning." *Dep't Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 59 (2024) (cleaned up). The statutory definition is "virtually conclusive." *Id.* (quoting *Sturgeon v. Frost*, 587 U.S. 28, 56 (2019)). Here, the statute explicitly defines "child" as an unmarried person under the age of 21 years, which excludes her 24-year-old son. *See* 8 U.S.C. § 1101(b)(1).

Weidenburner's arguments that the dictionary definition should control or that certain canons of statutory construction support a different reading are unavailing. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (cleaned up)).

Weidenburner also argues that because the statute lacks the qualifier "at the time of the offense," her 24-year-old son qualifies as a "child" because he was previously her "child" under the definition in the statute. However, this would read out of the statutory definition the word "unmarried" and the phrase "under twenty-one years of age." *See Corley v. United States*, 556 U.S. 303, 314 (2009) ("[A] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." (cleaned up)). We decline to read Weidenburner's suggested qualifier into the statute.

Weidenburner also argues that the BIA improperly streamlined her appeal. She concedes, however, that this circuit's precedent in *Bropleh v. Gonzales*, 428 F.3d 772, 779 (8th Cir. 2005), establishes that this court lacks jurisdiction to review the BIA's decision to streamline appeals through a single member panel. Although she argues that intervening Supreme Court decisions abrogate our opinion in *Bropleh*, none of those cases[1] cast that decision into doubt. *See United States v. Williams*, 537 F.3d 969, 975 (8th Cir. 2008) (explaining that the general rule that one panel should not overrule another panel does not apply when an intervening Supreme Court decision casts the prior precedent into doubt).

Lastly, Weidenburner argues that her constitutional right to due process was violated by the BIA "acting as a biased decisionmaker." Petitioner's Br. at 11. However, Weidenburner does not have a constitutional right to an administrative appeal. *See Loulou v. Ashcroft*, 354 F.3d 706, 708–09 (8th Cir. 2003). In any case, like in *Loulou,* Weidenburner "received a full hearing[,] . . . a detailed and reasoned opinion from the IJ, an opportunity to present arguments[,] . . . and a decision from a BIA member. There is no evidence the BIA member did not review the facts of [Weidenburner]'s case or otherwise failed to conduct the required review." *Id.* at 709.

---

[1] *See Kucana v. Holder*, 558 U.S. 233, 247–53 (2010); *see also Wilkinson v. Garland*, 601 U.S. 209, 216–26 (2024); *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13 (2024).

Accordingly, we deny the petition for review.[2]

_____

<hr/>

[2]We likewise deny Petitioner's motion to take judicial notice of or supplement the record with her habeas corpus proceedings. *See Lukowski v. I.N.S.*, 279 F.3d 644, 646 (8th Cir. 2002) (limiting judicial review to the administrative record).