# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3771

_____

| | | |
|---|---|---|
| Antonia Daiga, | * | |
| | * | |
| Petitioner, | * | On Petition for Review of |
| | * | an Order of the Immigration |
| v. | * | and Naturalization Service. |
| | * | |
| United States Immigration and | * | [To be Published] |
| Naturalization Service, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: July 1, 1999

Filed: July 16, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and BEAM, Circuit
Judges.

_____

PER CURIAM.

Antonia Daiga-Johnson, a citizen of Cameroon, entered the United States in
1986 on a student visa. In 1994, the Immigration and Naturalization Service ordered
her to show cause why she should not be deported for failing to comply with the
conditions of her nonimmigrant status. Following a hearing, an Immigration Judge
found deportability had been established, denied Daiga-Johnson's application for

asylum and withholding of deportation, denied her application for suspension of deportation, and gave her the option to depart voluntarily. The Board of Immigration Appeals (BIA) dismissed her appeal, and Daiga-Johnson now petitions for review. She does not contest she is deportable, but maintains she has a well-founded fear of future persecution based upon her political opinions and membership in a social group. Reviewing the BIA's denial of asylum for an abuse of discretion, and the factual findings underlying its refusal to grant asylum under the substantial-evidence standard, see Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997), we deny Daiga-Johnson's petition.

The Attorney General has discretion to grant asylum to a "refugee." See 8 U.S.C. § 1158(b)(1). A refugee is an alien who is unwilling to return to his or her home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. § 1101(a)(42)(A).

Daiga-Johnson presented evidence that she was a member of the Social Democratic Front (SDF) and the Cameroonian Student Association, and that she had participated in a protest against Cameroonian President Paul Biya. Daiga-Johnson testified that Cameroonian officials had compiled a list of the protestors' names, that her name was on the list, and that she would be arrested and killed if she returned to Cameroon. In explaining her possession of the list, Daiga-Johnson speculated that a Cameroonian government employee had surreptitiously passed the list to the SDF, which in turn had distributed the list to the protestors. Daiga-Johnson admitted, however, that she had been given two different lists. Although similar in substance, the second list had a different typeface and different name spellings. On each list, Daiga's name appeared between two sets of alphabetically-organized names. Daiga testified that she had received the first list in "the later part of 1993" or sometime "between July to September," and received the second one "two weeks or a month" later. A cover

page for the first list was dated July 23, 1990, although Daiga had testified previously that the demonstration had occurred in 1991.

We believe the IJ articulated valid reasons for discrediting Daiga-Johnson's evidence. Her testimony was inconsistent, she could not remember dates, she submitted two different lists, and her name was inexplicably positioned out of alphabetical order on each list. We thus defer to the IJ's credibility finding. See Hamzehi v. INS, 64 F.3d 1240, 1242 (8th Cir. 1995); Hajiani-Niroumand v. INS, 26 F.3d 832, 838 (8th Cir. 1994). We conclude that Daiga-Johnson did not present specific facts establishing she had been the victim of persecution, and further conclude that a reasonable fact finder could find her fear of persecution was not objectively reasonable. See Ghasemimehr v. INS, 7 F.3d 1389, 1390 (8th Cir. 1993) (per curiam) (applicant must show alleged fear of future persecution was both "subjectively genuine and objectively reasonable"); Feleke, 118 F.3d at 598 (to overcome BIA's finding that alien lacked well-founded fear, he or she must show evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution"). As to her claim of persecution based upon her family name and her family's political opinion, Daiga-Johnson failed to show a sufficient pattern of persecution justifying an objectively reasonable well-founded fear. See Nyonzele v. INS, 83 F.3d 975, 982-83 (8th Cir. 1996); Safaie v. INS, 25 F.3d 636, 640-41 (8th Cir. 1994).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-