# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 02-3157

_____

| | | |
|---|---|---|
| Cesar Julio Chavez Dominguez, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Board of |
| | * | Immigration Appeals. |
| John Ashcroft, Attorney General of the | * | |
| United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: June 13, 2003
Filed: July 15, 2003

_____

Before BOWMAN, MURPHY, and BYE, Circuit Judges.

_____

MURPHY, Circuit Judge.

After Cesar Julio Chavez Dominguez received a Notice to Appear from the Immigration and Naturalization Service (INS) charging him with entering the country without inspection pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), he admitted removability and applied for asylum and withholding of removal. An immigration judge denied the applications and ordered Dominguez removed, and the Board of Immigration

Appeals (BIA) summarily affirmed.[1] Dominguez appeals, and we affirm.

To qualify for asylum an alien must demonstrate a well founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A) (defining refugees who are eligible for asylum); Ghasemimehr v. INS, 7 F.3d 1389, 1390 (8th Cir. 1993). An alien also must show a clear probability that he will face persecution on one of these grounds to qualify for withholding of deportation. See Francois v. INS, 283 F.3d 926, 932 (8th Cir. 2002). An agency determination that an alien is not eligible for asylum or withholding of deportation will be upheld if it is supported by substantial evidence, and will be reversed only where no reasonable fact finder could conclude that the alien lacked the requisite fear of persecution. See Perinpanathan v. INS, 310 F.3d 594, 597 (8th Cir. 2002).

At his asylum hearing Dominguez stated that he was approached in Guatemala in the spring of 1990 by two men with whom he had gone to elementary school and who asked him to join the Guerilla Army of the Poor. He declined, and the men left without incident. They later returned and again asked him to join. This time they threatened to make him "disappear" when he declined, and he fled to the United States.

In INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992), the Supreme Court held that forced recruitment by a guerilla organization does not necessarily equate with persecution on account of political opinion. An alien must demonstrate that the persecution he fears is based on his political opinion. Id.; see also Miranda v. INS, 139 F.3d 624, 627 (8th Cir. 1998). Dominguez made no such showing. He testified

---

[1]When the BIA affirms without opinion, the decision of the immigration judge is the final agency determination for purposes of judicial review. See 8 C.F.R. § 1003.1(a)(7).

that he refused to join the guerillas because he was afraid he would be killed.  He has never claimed that they approached him because of his political beliefs.  A reasonable fact finder could decide from this record that the guerillas were simply trying to fill their ranks and were not concerned with Dominguez's political beliefs.  See Elias-Zacarias, 502 U.S. at 482–83; Miranda, 139 F.3d at 627–28.  We conclude that the BIA's decision was supported by substantial evidence.

Dominguez also argues that the BIA abused its discretion by summarily affirming the immigration judge.  Under the procedure established at 8 C.F.R. 1003.1(a)(7), a summary affirmance by the BIA adopts the decision of the immigration judge.  We have noted on at least two occasions that the BIA does not abuse its discretion by adopting the decision of an immigration judge.  See Maashio v. INS, 45 F.3d 1235, 1238 (8th Cir. 1995); Safaie v. INS, 25 F.3d 636, 641 (8th Cir. 1994).  Although an agency must set out the basis of its decision, see SEC v. Chenery Corp., 332 U.S. 194, 196–97 (1947), the opinion of the immigration judge is sufficient to satisfy this requirement.  See Albathani v. INS, 318 F.3d 365, 377 (1st Cir. 2003) (summary affirmance scheme does not violate due process or rules of administrative law).  The BIA did not abuse its discretion by summarily affirming the decision of the immigration judge.

The order of the Board of Immigration Appeals is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.