# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 02-3872

_____

Ibrahim Amadu,

        Appellant,

v.

John Ashcroft, Attorney General of
the United States,

        Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Petition for Review of an
Order of the Board of Immigration
Appeals.

[UNPUBLISHED]

_____

Submitted: December 18, 2003
Filed: December 30, 2003

_____

Before LOKEN, Chief Judge, WOLLMAN and HANSEN, Circuit Judges.

_____

PER CURIAM.

Ibrahim Amadu, a native and citizen of Ghana, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ's") denial of his application for asylum. After careful review of the record, we deny the petition.

Where the BIA affirms without opinion, the decision of the IJ is the final agency determination for purposes of judicial review. See 8 C.F.R. § 1003.1(e)(4)

(2003).  We review to determine whether substantial evidence on the record as a whole supported the decision to deny asylum.  Melecio-Saquil v. Ashcroft, 337 F.3d 983, 986-87 (8th Cir. 2003).   In order to overcome the IJ's adverse finding, Amadu must offer evidence that is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Id. at 986 (internal marks omitted).

The Attorney General may grant asylum to eligible applicants who meet the definition of "refugee" found in 8 U.S.C. § 1101(a)(42(A) (2000).  Amadu argued that he is eligible for humanitarian asylum based on two incidents that occurred in 1973 when he was a member of the Social Democratic Front ("SDF"), a political party in Ghana.  During both incidents, Amadu incurred physical injuries, such as cuts and stab wounds.  Amadu discontinued his participation in SDF activities but remained in Ghana without further incident until he moved to the United States in 1990.  Amadu claims that in 1999 he was diagnosed with posttraumatic stress disorder, stemming from the 1973 incidents.

We conclude that the denial of humanitarian asylum is based on substantial evidence.  Amadu's unfortunate injuries do not demonstrate "the atrocity of . . . past persecution [that] an applicant must show in order to obtain this type of asylum, including permanent physical and emotional scarring, or a combination of detention, involuntary military service, sleep deprivation, beatings, electric shock, and routine physical torture and psychological abuse."  Francois v. I.N.S.,  283 F.3d 926, 932 (8th Cir. 2002).

We also find that the decision that Amadu does not have a well-founded fear of future persecution is based on substantial evidence.  Amadu remained living in Ghana from 1973 until 1990, and he attended a university and worked for the government without any harm or threatened harm to him or his family.  Amadu's family and children remain in Ghana, and there is no evidence in the record of any threats to him or his family since 1990.  The government also presented evidence of

2

changed country conditions in Ghana.  See <u>Melecio-Saquil</u>, 337 F.3d at 987 (holding that substantial evidence supported denial of asylum where petitioner relied on events that occurred over a decade earlier, there was evidence of changed country conditions, and petitioner and his family had remained living in the country unharmed for four years after alleged past persecution).

Finally, we find that the BIA did not abuse its discretion by summarily affirming under 8 C.F.R. § 1003.1(e)(4) . <u>Dominguez v. Ashcroft</u>, 336 F.3d 678, 680 (8th Cir. 2003).

For the reasons stated, we deny the petition for review.

_____