# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3204

_____

Felicia Amajali,                                    *
                                                    *
                 Petitioner,                        *
                                                    *   Petition for Review of an Order
        v.                                          *   of the Board of Immigration Appeals.
                                                    *        [UNPUBLISHED]
John D. Ashcroft, Attorney General                  *
of the United States,                               *
                                                    *
                 Respondent.                        *

_____

Submitted:  November 21, 2003

Filed:  January 13, 2004

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Felicia Amajali (Amajali), a native of Nigeria, petitions for review of a Board of Immigration Appeals (BIA) order summarily affirming an immigration judge's denial of Amajali's applications for asylum and withholding of removal. Amajali contends that the immigration judge erred in concluding that she had not established persecution and a well-founded fear thereof and also argues that the BIA's summary decision violated her rights. We deny the petition.

Substantial evidence supports the immigration judge's conclusions that Amajali's past treatment did not rise to persecution and that Amajali does not have a reasonable fear of persecution. Dominguez v. Ashcroft, 336 F.3d 678, 679 (8th Cir. 2003) (standards for granting asylum and withholding of removal); Peripanathan v. INS, 310 F.3d 594, 597 (8th Cir. 2002) (standard of review). Amajali's exclusion from highschool debate and certain athletic events, her rejection from Benin University, and being dropped from the Nigerian Junior Olympic Team were certainly unfair. Cf. Regalado-Garcia v. INS., 305 F.3d 784, 787 (8th Cir. 2002) (defining persecution as "the infliction or threat of death, torture, or injury to one's person or freedom, on account of race, religion, nationality, membership in a particular social group, or political opinion." (citation omitted)). Nevertheless, the evidence also established that Amajali was allowed to attend classes, was never arrested or imprisoned for her or her father's political activities, was allowed to travel to other countries and compete in select athletic events while still living in Nigeria, and was granted a passport, which was renewed by the Nigerian embassy in 1991. Moreover, the immigration judge was entitled to find that Amajali's inability to contact her family since 1993 was insufficient to support a reasonable fear of persecution given the lack of corroborating evidence regarding her family's status. See e.g., Hajiani-Niroumand v. INS, 26 F.3d 832, 838 (8th Cir. 1994) (recognizing importance of corroborating evidence and giving deference to immigration judge's credibility findings).

Finally, on appeal to the BIA, Amajali alleged that "denial of . . . . entry into the university [of Benin] and the denial of being allowed to compete in the Junior Olympics" would hamstring her ability to find coaching and sports administration employment in Nigeria. The BIA's summary decision did not address this argument, and Amajali suggests that this was error. We disagree. Although an agency must explain the basis for its decision, the BIA's streamlined review procedures are permissible, Dominguez, 336 F.3d at 680, and an applicant should not be able to thwart the administrative scheme merely by reserving additional arguments for

appeal.  At any rate, Amajali's argument fails on the merits because such speculative and generalized economic harms are not a basis for a well-founded fear of persecution.  <u>Nyonzele v. INS</u>, 83 F.3d 975, 983 (8th Cir. 1996).

The petition is denied.

_____