# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1165
_____

| | | |
|---|---|---|
| Mohammad Younas, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Board of |
| | * | Immigration Appeals. |
| John Ashcroft, Attorney General of | * | |
| the United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: January 16, 2004

Filed: February 13, 2004
_____

Before MELLOY, BRIGHT, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Mohammad Younas petitions for the review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ's") denial of Younas' application for asylum and withholding of removal. After careful review of the record, we deny the petition.

Younas, a citizen of Pakistan, arrived in the United States as a business visitor in 1989. On July 11, 2001, the Immigration and Naturalization Service ("INS")

issued a Notice to Appear because Younas had overstayed his visa. Younas conceded removability and sought asylum, withholding of removal, and protection under Article 3 of the United Nations Convention Against Torture ("CAT"). See 8 C.F.R. § 208.16(c)(2) (2003); CAT, opened for signature Feb. 4, 1985, S. Treaty Doc. No. 100-20, at 20 (1988).

To qualify for asylum an alien must demonstrate a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A) (defining refugees who are eligible for asylum); Dominguez v. Ashcroft, 336 F.3d 678, 679 (8th Cir. 2003) (stating legal standard). An alien also must show a clear probability that he will face persecution on one of these grounds to qualify for withholding of deportation. Id. We will uphold an agency's determination if substantial evidence supports that an alien is not eligible for asylum or withholding of deportation. Id. We will reverse the determination where no reasonable fact finder could conclude that the alien lacked the requisite fear of persecution. Id.

We conclude that substantial evidence supports the denial of asylum and withholding of removal. Younas alleges he demonstrated a well-founded fear of past and future persecution on account of his association and support of the Pakistan People's Party ("PPP"), a group opposed to the military government presently in power. Younas contends that he presented a well-founded fear of past persecution because the PPP blackmailed him into joining its organization. Younas alleged future persecution by stating that his brother actively supports the PPP, Younas has supported the PPP by giving his brother money, the police twice raided his home in Pakistan, the police harassed his family in Pakistan, and he has an outstanding arrest warrant in Pakistan.

The IJ held that the evidence Younas presented did not support a finding that he suffered past persecution. In rejecting Younas' claims of future persecution, the

IJ explained that Younas failed to identify who his persecutors will be with sufficient specificity. Younas bears the burden of providing credible, direct, and specific evidence that a reasonable person in his position would fear persecution if returned to his native country. Francois v. INS, 283 F.3d 926, 930 (8th Cir. 2002).

In addition, we conclude that Younas' claim and relief under the CAT fails. See Francois v. INS, 283 F.3d at 932-33 (finding that substantial evidence supporting a denial of request for asylum also supported denial of withholding of deportation because standard for withholding is more onerous); 8 C.F.R. § 208.16(c)(2) (claimant must establish torture more likely than not if removed to proposed country of removal).[1]

Finally, while we deny Younas' petition for review, we reinstate Younas' previously granted voluntary departure period under the terms and conditions prescribed by the BIA. Loulou, 2003 WL 23025601at *3.

For the reasons stated, we deny the petition for review.

_____

---

[1]Younas also asserts that the BIA violated his due process rights by using its streamlined review procedure. This court has held previously that the streamlined review does not violate an alien's due process rights. See Loulou v. Ashcroft, No. 02-3004, 2003 WL 23025601 (8th Cir. Dec. 30, 2003) (concluding streamlined review procedure does not violate an alien's due process rights).

-3-