# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3564

_____

Tian Shui Lin,                        *

                              *

        Petitioner,           *

                              *   Petition for Review of an

     v.                    *   Order of the Board of

                              *   Immigration Appeals.

John D. Ashcroft, Attorney General   *

of the United States,              *   [UNPUBLISHED]

                              *

        Respondent.        *

_____

Submitted: September 23, 2004
Filed: October 8, 2004

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Tian Shui Lin, a citizen of China, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of asylum, withholding of removal, relief under the Convention Against Torture, and voluntary departure.[1] On appeal, Lin challenges the IJ's and the BIA's adverse credibility determination and argues that his counsel provided ineffective assistance.

_____

[1]Lin does not appeal from the IJ's denial of voluntary departure and relief under the Convention Against Torture.

After careful review of the record, we conclude the BIA's decision on Lin's asylum application is supported by substantial evidence on the record as a whole. See Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997). Specifically, the BIA and the IJ discredited Lin's testimony because Lin told different stories relating to central aspects of his asylum claim, his documentary evidence contained inconsistencies, and a forensic report concluded that some of his documentation had been altered. Because it was supported by specific, cogent reasons for disbelief, we defer to the credibility finding. See Nyama v. Ashcroft, 357 F.3d 812, 817 (8th Cir. 2004) (per curiam) (deference standard); Akinwande v. Ashcroft, No. 03-1258, 2004 WL 1837728, at *4 (1st Cir. Aug. 17, 2004) (alien's inconsistent testimony was enough to raise doubts about alien's credibility; alien's submission of altered documents cast further doubt on credibility); Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003) (upholding adverse credibility finding where inconsistencies related to key elements of asylum claim); Daiga v. INS, 183 F.3d 797, 798 (8th Cir. 1999) (per curiam) (upholding adverse credibility finding where alien gave inconsistent testimony and submitted questionable documents). Lin's request for withholding of removal thus fails as well. See Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999) (withholding-of-removal standard is more difficult to meet than asylum standard).

Finally, we have yet to recognize a due process claim in a deportation proceeding based on ineffective assistance, see Nativi-Gomez v. Ashcroft, 344 F.3d 805, 808 n.1 (8th Cir. 2003), and even if such a claim were cognizable in this circuit, it is clear from the record that counsel's alleged deficient performance did not affect the outcome of the proceeding.

Accordingly, we deny Lin's petition.

_____