# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2020

_____

| | | |
|---|---|---|
| Bilikisu M. Kawu, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the |
| | * | Board of Immigration Appeals. |
| John Ashcroft, Attorney General | * | |
| of the United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: July 7, 2004
Filed: November 17, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Bilikisu Kawu petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of Kawu's application for asylum, withholding of removal, and Convention Against Torture (CAT) relief, and denied her motion to reopen. We deny the petition.

Kawu, a citizen of Nigeria, entered the United States in September 1996, overstayed her tourist visa, and applied for asylum and withholding of removal in July 1998. In July 1999 the former Immigration and Naturalization Service charged

her with being deportable under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States beyond the permitted time.

Kawu conceded removability, renewed her application for asylum and withholding of removal, and applied for voluntary departure and CAT relief. In support of her application, Kawu testified that she attended the University of Lagos in Nigeria from 1991-96, and that, because of her student-union activities she was forced to change from studying physical therapy to pharmacology. She testified that she was arrested and detained twice for about a week each time; during these detentions she was beaten, mostly on the soles of her feet.

The IJ denied Kawu asylum finding that she had failed to apply timely, within the one-year deadline imposed by 8 U.S.C. § 1158(a)(2)(B), and had not shown extraordinary circumstances that would have allowed her to file a late application under 8 U.S.C. § 1158(a)(2)(D). In addition, the IJ found that Kawu did not show she had suffered past persecution or had a well-founded fear of future persecution, and denied Kawu withholding of removal and CAT relief, but granted voluntary departure.

Kawu appealed to the BIA and moved to supplement the record and for remand, contending that she feared her infant daughter would be forced to undergo female genital mutilation if Kawu were forced to return to Nigeria. The BIA affirmed without opinion the IJ's denial of asylum,[1] denied Kawu's motion to supplement, and reinstated the grant of voluntary departure.

---

[1]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003).

We lack jurisdiction to review the IJ's determination that Kawu did not show changed or extraordinary circumstances justifying her untimely asylum application. See 8 U.S.C. § 1158(a)(3) (no court shall have jurisdiction to review Attorney General's determination as to timeliness of asylum application).

For purposes of reviewing the denial of withholding of removal, however, we review the IJ's additional finding that Kawu did not show she suffered past persecution or had a well-founded fear of future persecution, and we conclude substantial evidence supports the IJ's finding. See Ngure v. Ashcroft, 367 F.3d 975, 989 (8th Cir. 2004) (standard of review; reviewing IJ's alternate finding of no well-founded fear of persecution for purposes of reviewing denial of withholding of removal); Eusebio v. Ashcroft, 361 F.3d 1088, 1090-91 (8th Cir. 2004) (minor beatings and brief detentions do not amount to political persecution). Thus, we conclude that the BIA's denial of withholding of removal should be affirmed. See Kratchmarov v. Heston, 172 F.3d 551, 553-55 (8th Cir. 1999) (withholding-of-removal standard is more difficult to meet than asylum standard).

Kawu's argument that she should be given an opportunity to seek relief under the CAT fails, because Kawu in fact applied for CAT relief but failed to show it was more likely than not that she would be tortured upon return to Nigeria. See Prokopenko v. Ashcroft, 372 F.3d 941, 943 n.1 (8th Cir. 2004).

Finally, we construe Kawu's motion to supplement as a motion to reopen, see 8 C.F.R. § 3.2(c) (2003), and we conclude that the BIA did not abuse its discretion in denying the motion, see Boudaguian v. Ashcroft, 376 F.3d 825, 828-29 (8th Cir. 2004).

Accordingly, we deny the petition for review. Kawu moved for a stay of deportation before her voluntary-departure period expired, and we therefore deem this court's grant of her unopposed motion for a stay to include a stay of her

-3-

voluntary-departure period as well. <u>See</u> <u>Rife v. Ashcroft</u>, 374 F.3d 606, 616 (8th Cir. 2004).

_____