# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2153

_____

Yawo Elesesi Amenuvor,                *

                            *

          Petitioner,             *

                            *   Petition for Review of an

     v.                       *   Order of the Board of

                            *   Immigration Appeals.

John Ashcroft, Attorney General   *

of the United States,            *   [UNPUBLISHED]

                            *

          Respondent.          *

_____

Submitted: December 3, 2004

Filed: December 10, 2004

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Yawo Elesesi Amenuvor, a citizen of Togo, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed without opinion an Immigration Judge's (IJ's) denial of asylum and related relief.[1] Amenuvor challenges the IJ's adverse credibility determination and argues that his case was not appropriate for an affirmance without opinion.

_____

[1]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003); 8 C.F.R. § 1003.1(e)(4) (2004).

Initially, we note that Amenuvor's argument regarding the BIA's decision to affirm his case without opinion is unreviewable. See Ngure v. Ashcroft, 367 F.3d 975, 981-88 (8th Cir. 2004) (finding that BIA's decision whether to employ affirmance-without-opinion procedure in particular case is committed to agency discretion and not subject to judicial review).

After careful review of the record, we conclude that the IJ's decision on Amenuvor's asylum application is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review). Specifically, the IJ discredited Amenuvor's testimony about past persecution he suffered, and we defer to that credibility finding because it was supported by specific, cogent reasons for disbelief. See Nyama v. Ashcroft, 357 F.3d 812, 817 (8th Cir. 2004) (per curiam) (deference standard). In addition, because Amenuvor failed to meet the burden of proof on his asylum claim, he failed to meet the higher burden for withholding of removal. See Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999).

Accordingly, we deny the petition. Amenuvor moved for a stay of deportation before his voluntary-departure period expired, and we therefore deem this court's grant of his unopposed motion to include a stay of his voluntary-departure period as well. See Rife v. Ashcroft, 374 F.3d 606, 616 (8th Cir. 2004).

_____