# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3475

———————

Elton Ndreko,                                  *
                                               *
                Petitioner,                    *
                                               *   Petition for Review
        v.                                     *   of an Order of the
                                               *   Board of Immigration Appeals.
John Ashcroft, Attorney General                *
of the United States of America,               *   [UNPUBLISHED]
                                               *
                Respondent.                    *

———————

Submitted:  December 30, 2004
     Filed:   January 11, 2005

———————

Before MURPHY, FAGG, and SMITH, Circuit Judges.

———————

PER CURIAM.

Elton Ndreko, a citizen of Albania, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed without opinion an Immigration Judge's (IJ's) denial of asylum and related relief.[1] On appeal, Ndreko challenges the IJ's adverse credibility determination.

_____

[1]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003); 8 C.F.R. § 1003.1(e)(4) (2004).

After careful review of the record, we conclude that the IJ's decision on Ndreko's asylum application is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review). The IJ discredited Ndreko's testimony because it was vague, meager, and inconsistent with the documentary evidence, and because Ndreko submitted documents whose authenticity was questionable. Because it was supported by specific, cogent reasons for disbelief, we defer to the credibility finding. See Nyama v. Ashcroft, 357 F.3d 812, 816-17 (8th Cir. 2004) (per curiam) (deference standard); Daiga v. INS, 183 F.3d 797, 798 (8th Cir. 1999) (per curiam) (upholding adverse credibility finding where alien offered inconsistent testimony and submitted questionable documents). Ndreko's request for withholding of removal thus fails as well. See Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999) (withholding-of-removal standard is more difficult to meet than asylum standard).

Accordingly, we deny the petition.

_____