# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2438

_____

| | | |
|---|---|---|
| Molla Abdi, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| | * | Petition for Review of |
| v. | * | an Order of the |
| | * | Board of Immigration Appeals. |
| John D. Ashcroft, Attorney General | * | |
| of the United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: January 6, 2005
Filed: January 12, 2005

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Molla Abdi, a citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed without opinion an Immigration Judge's (IJ's) denial of asylum, withholding of removal, relief under the Convention Against Torture (CAT), and voluntary departure.[1]

---

[1]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003); 8 C.F.R. § 1003.1(e)(4) (2004).

After careful review of the record, we conclude that the IJ's decision on Abdi's asylum application is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review). The IJ discredited Abdi's allegations of persecution because his testimony was general and meager, and contained significant inconsistencies with his asylum application. We defer to this credibility finding. See Nyama v. Ashcroft, 357 F.3d 812, 816-17 (8th Cir. 2004) (per curiam) (deference standard); Kondakova v. Ashcroft, 383 F.3d 792, 796 (8th Cir. 2004) (IJ's credibility finding was supported by specific, cogent reasons for disbelief where alien's testimony and asylum application were inconsistent), petition for cert. filed, 73 U.S.L.W. 3287 (U.S. Oct. 27, 2004) (No. 04-584). In addition, because Abdi failed to meet the burden of proof on his asylum claim, his application for withholding of removal necessarily fails as well, see Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999) (withholding-of-removal standard is more difficult to meet than asylum standard); we see no basis in the record for relief under the CAT, see Ngure v. Ashcroft, 367 F.3d 975, 992-93 (8th Cir. 2004) (discussing requirements for CAT relief); and we lack jurisdiction to review the denial of voluntary departure, see 8 U.S.C. §§ 1229c(f) (no court shall have jurisdiction over appeal from denial of voluntary departure), 1252(a)(2)(B)(i) (no court shall have jurisdiction to review "any judgment" regarding grant of voluntary-departure relief).

    Accordingly, we deny the petition.

_____