# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 04-1125

—————

Clorisma Ambroise,                              *
                                                *
            Petitioner,                         *
                                                *    Petition for Review
        v.                                      *    of an Order of the
                                                *    Board of Immigration Appeals
Alberto Gonzales,[1] Attorney General of        *
the United States of America,                   *    [PUBLISHED]
                                                *
            Respondent.                         *

—————

Submitted:   June 10, 2005
    Filed:   June 17, 2005

—————

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

—————

PER CURIAM.

Clorisma Ambroise, a citizen of Haiti, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed without opinion an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under

---

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

the Convention Against Torture (CAT).[2]  For reversal, Ambroise argues that the IJ erred in denying him asylum and withholding of removal, and failed to consider his CAT claim.  For the reasons discussed below, we deny the petition.

We conclude that the denial of asylum is supported by substantial evidence in the record as a whole, see Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) ("the evidence must be such that it would be possible for a reasonable fact-finder to reach the same conclusions").  Specifically, we defer to the IJ's adverse credibility findings because the IJ explained that Ambroise submitted fraudulent documents relating to a core asylum issue (i.e., that supporters of the former president killed his brother and he feared a similar fate), failed to provide a satisfactory explanation for having done so, and failed to present other credible documentary evidence to support his allegations of political persecution.  See Nyama v. Ashcroft, 357 F.3d 812, 817 (8th Cir. 2004) (per curiam) (this court defers to IJ's credibility finding when it is supported by specific, cogent reasons for disbelief; IJ may properly request corroborating evidence if asylum applicant's credibility is in question); Yongo v. INS, 355 F.3d 27, 32-34 (1st Cir. 2004) (where asylum applicant's credibility has been seriously forfeited, IJ may be left in enough doubt about balance of testimony to conclude that applicant has not proved his case).

The record reflects the IJ's consideration of the CAT claim, and we conclude that substantial evidence also supports the denial of CAT relief and withholding of removal.  See Esaka v. Ashcroft, 397 F.3d 1105, 1111 (8th Cir. 2005) (denial of CAT relief is reviewed to determine whether evidence was so compelling that reasonable fact-finder must have found applicant entitled to relief); Habtemicael v. Ashcroft, 370 F.3d 774, 780-82 (8th Cir. 2004) (CAT applicant must show that government or

_____

[2]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review.  See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003).

persons acting with government's awareness or acquiescence would more likely than not intentionally subject him to torture); <u>Regalado-Garcia v. INS</u>, 305 F.3d 784, 788 (8th Cir. 2002) (withholding-of-removal standard is more rigorous than asylum standard).

Accordingly, we deny the petition.

_____