# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3201

_____

| | |
|---|---|
| Marianela Alarcon Ramirez, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of |
| v. | * an Order of the |
| | * Board of Immigration Appeals. |
| Alberto Gonzales,[1] Attorney General | * |
| of the United States of America, | * [UNPUBLISHED] |
| | * |
| Respondent. | * |

_____

Submitted: February 6, 2006
Filed: February 9, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Marianela Alarcon Ramirez, a citizen of Peru, petitions for review of an order of the Board of Immigration Appeals (BIA), which summarily affirmed an

_____

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[2]

After careful review of the record, we conclude that the IJ's decision is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review). Ramirez failed to meet her burden of establishing eligibility for asylum on account of a protected ground: among other reasons, Ramirez did not allege that she was ever harmed in Peru; the incidents which formed the basis of her claim for asylum--telephone threats, a visit in 1998 by a man asking questions, and the ransacking of her home--did not constitute persecution; she did not report the incidents to the police; and members of her family continue to reside in Peru apparently unharmed. See Alyas v. Gonzales, 419 F.3d 756, 760-61 (8th Cir. 2005) (asylum applicant's claim that he was harassed and attacked by members of opposing political party was insufficient to establish past persecution on account of protected ground, where applicant did not show that his attackers represented his country's government or that government was unwilling or unable to protect him from opposing party; finding of no well-founded fear of persecution was bolstered by fact that applicant's family continued to reside in native country unharmed); Krasnopivtsev v. Ashcroft, 382 F.3d 832, 839 (8th Cir. 2004) (persecution is extreme concept); Regalado-Garcia v. INS, 305 F.3d 784, 787-88 (8th Cir. 2002) (neither brief detainment and questioning by judicial police, nor flight from unidentified individuals, were sufficient to constitute persecution; petitioner did not suffer harm or physical injury as result of incidents, which were discrete and did not constitute persecution); Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) (unfulfilled threats must be so menacing as to cause significant actual suffering or harm to constitute past persecution).

---

[2]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003).

Ramirez failed to present meaningful argument in her brief as to the denial of withholding of removal and her CAT claim, see Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (petitioner waived claim by not presenting meaningful argument on it in his appellate brief), and in any event, because Ramirez failed to meet the burden of proof on her asylum claim, her application for withholding of removal necessarily fails, see Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005) (withholding-of-removal standard is more rigorous than asylum standard), and we see no basis in the record for CAT relief, see Habtemicael v. Ashcroft, 370 F.3d 774, 780-82 (8th Cir. 2004) (discussing considerations relevant to relief under CAT).

Accordingly, we deny the petition.

_____