# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-2144

_____

Eufemia Nohemi Lopez De Leon,   *
            *
   Petitioner,     *
            * Petition for Review
   v.        * of an Order of the
            * Board of Immigration Appeals.
Alberto Gonzales, Attorney General *
of the United States,    *  [UNPUBLISHED]
            *
   Respondent.    *

_____

Submitted:  February 7, 2006
Filed:  February 14, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Eufemia Lopez De Leon (Lopez), a native of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of asylum and withholding of removal.

We will uphold the BIA's decision if it is supported by substantial evidence on the record as a whole.  See Zheng v. Gonzales, 415 F.3d 955, 959 (8th Cir. 2005) (standard of review).  The BIA found that Lopez failed to meet her burden of establishing eligibility for asylum because she had not shown that the incidents she had suffered were on account of a protected ground.  We agree substantial evidence

supported this determination.  See INS v. Elias-Zacarias, 502 U.S. 478, 479-80, 482-84 (1992) (upholding denial of asylum to Guatemalan citizen who claimed to have fled guerrilla forces attempting to recruit him, as record did not compel finding that guerrillas would persecute him based on his political opinion rather than because of his refusal to fight with guerrillas; it is not sufficient that guerrillas were attempting to fill their ranks); Gomez v. Gonzales, 425 F.3d 543, 545-47 (8th Cir. 2005) (to reverse finding that alleged persecution was not based on protected ground, "it is necessary that the record compel the finding that a protected ground motivated the [persecutors'] actions"); Dominguez v. Ashcroft, 336 F.3d 678, 680 (8th Cir. 2003) (asylum applicant, who did not allege that guerrillas sought to recruit him because of his political beliefs and who testified that he refused to join guerrillas because he was afraid he would be killed, did not demonstrate that persecution he feared was based on his political opinion; reasonable fact-finder could conclude that guerrillas were not concerned with applicant's political beliefs and were simply trying to fill their ranks). Because Lopez's asylum claim fails, her claim for withholding of removal necessarily fails as well.  See Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005) (withholding-of-removal standard is more rigorous than asylum standard).

We also reject Lopez's argument that she was denied due process at her asylum hearing.  See United States v. Torres-Sanchez, 68 F.3d 227, 230 (8th Cir. 1995) (establishment of fundamentally unfair deportation hearing in violation of due process requires showing of both fundamental procedural error and resulting prejudice). Questioning Lopez was within the IJ's duty to develop the record below, see 8 U.S.C. § 1229a(b)(1) (during removal proceeding, IJ "shall . . . receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses"), and Lopez's counsel was not prevented from presenting her case, notwithstanding that a more civil and respectful discourse from an IJ would be appropriate, cf. Colmenar v. INS, 210 F.3d 967, 971 (9th Cir. 2000) (due process violation where proceeding was so fundamentally unfair that alien was prevented from reasonably presenting his case;

remanding where IJ indicated he had prejudged merits of case, and refused to let alien testify about any material included in written asylum application).

Accordingly, we deny the petition.

_____