# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1319

_____

Eswin Marco Lopez-De Leon,       *
       *
       Petitioner,       *
       *   Petition for Review of
   v.       *   an Order of the
       *   Board of Immigration Appeals.
Alberto Gonzales, Attorney General       *
of the United States; Michael Chertoff,       *   UNPUBLISHED
Secretary of Homeland Security,       *
       *
       Respondents.[1]       *

_____

Submitted: March 28, 2006
Filed: April 4, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Eswin Marco Lopez-De Leon (Leon) petitions for review of an order of the Board of Immigration Appeals, which summarily affirmed an

_____

[1]Alberto Gonzales, who has been appointed to serve as Attorney General of the United States, and Michael Chertoff, who has been appointed to serve as Secretary of the Department of Homeland Security, are substituted as respondents pursuant to Federal Rule of Appellate Procedure 43(c).

Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[2]

After careful review of the record, we conclude the IJ's decision, that Leon failed to establish either past persecution or a well-founded fear of persecution on account of a protected ground, is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review). Further, because Leon failed to meet the burden of proof on his asylum claim, his application for withholding of removal necessarily fails as well, see Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005) (withholding-of-removal standard is more rigorous than asylum standard), and we see no basis in the record for CAT relief, see Habtemicael v. Ashcroft, 370 F.3d 774, 780-82 (8th Cir. 2004) (discussing considerations relevant to relief under CAT).

Accordingly, we deny the petition.

_____

_____

[2]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003).