# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2036

_____

Roselor Jovial,                                          *
                                                         *
                    Petitioner,                          *
                                                         *
          v.                                             *    Petition for Review
                                                         *    of an Order of the
Alberto Gonzales,[1] Attorney General                    *    Board of Immigration Appeals.
of the United States,                                    *
                                                         *        [UNPUBLISHED]
                    Respondent.                          *

_____

Submitted:  September 26, 2006
Filed:  October 5, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Roselor Jovial (Jovial) petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed without opinion an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention

_____

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Against Torture (CAT).[2] Jovial argues she suffered past persecution based on political opinion, as evidenced by her membership in the "Party Nationale for Democrat," and by Ronald Kadav (Kadav) breaking into her apartment. Kadav is allegedly a known criminal who was a member of the Famni Lavalas party, the party of then-President Jean-Bertrand Aristide. Jovial also disputes the IJ's adverse credibility finding regarding the home invasion.

We review the denial of asylum under the substantial evidence standard and will uphold the BIA's findings "unless the evidence '[is] so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" See Vonhm v. Gonzales, 454 F.3d 825, 828 (8th Cir. 2006) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). This standard applies to the IJ's findings where the BIA issues a summary affirmance. See Dominguez v. Ashcroft, 336 F.3d 678, 680 (8th Cir. 2003) (summary affirmance by BIA adopts decision of IJ).

We conclude the IJ's finding that Jovial did not show she suffered past persecution or had a well-founded fear of future persecution on account of a protected ground is supported by substantial evidence. See Ngure v. Ashcroft, 367 F.3d 975, 990 (8th Cir. 2004) (noting isolated violence does not compel finding of persecution); Hamzehi v. INS, 64 F.3d 1240, 1242 (8th Cir. 1995) (well-founded fear must be both subjectively genuine and objectively reasonable). Jovial's request for withholding of removal also fails. See Regalado-Garcia v. INS, 305 F.3d 784, 788 (8th Cir. 2002) (withholding of removal standard is more rigorous than asylum standard).

Accordingly, we deny the petition. See 8th Cir. R. 47B.

_____

[2]Jovial presents no argument on appeal regarding the denial of CAT relief; thus, we need not consider that claim. See Alyas v. Gonzales, 419 F.3d 756, 760 (8th Cir. 2005).