# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

————————

No. 05-2944

————————

Ali Yusuf Mire,                               *
                                              *
            Petitioner,                       *
                                              *   Petition for Review of
    v.                                        *   an Order of the
                                              *   Board of Immigration Appeals.
Alberto Gonzales, Attorney General,           *
                                              *        [UNPUBLISHED]
            Respondent.                        *

————————

Submitted: October 24, 2006
Filed: October 27, 2006

————————

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

————————

PER CURIAM.

Ali Yusuf Mire (Mire) petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed without opinion an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1]  Mire argues the BIA exceeded its authority by affirming without opinion the IJ's decision. He also disputes the IJ's adverse credibility finding, arguing the IJ both failed to find any discrepancies in his testimony at the most recent

---

[1]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review.  See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1, 680 (8th Cir. 2003).

hearing and focused "instead on the past fraud committed against the Government." Mire further maintains the IJ erred in finding Mire did not have a well-founded fear of future persecution based on an imputed political opinion. Specifically, Mire asserts the IJ failed to recognize that because Mire would resist joining a clan-based militia if he were returned to Somalia, the clan would impute to him an adverse political opinion.[2]

We conclude Mire's arguments related to his credibility are irrelevant because even assuming the truth of his testimony, the IJ's finding that Mire did not show he had a well-founded fear of future persecution on account of a protected ground is supported by substantial evidence. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (this court must uphold factual findings if they are supported by substantial evidence in the record, meaning "the evidence must be such that it would be possible for a reasonable fact-finder to reach the same conclusions"). In particular, there was no evidence Mire's possible recruitment in the militias would be for any reason other than to fill the ranks of the militias. See INS v. Elias-Zacarias, 502 U.S. 478, 479-80, 482-84 (1992) (forced recruitment by guerrilla organization does not necessarily equate with persecution on account of political opinion). Mire's request for withholding of removal thus fails as well. See Regalado-Garcia v. INS, 305 F.3d 784, 788 (8th Cir. 2002) (withholding-of-removal standard is more rigorous than asylum standard).

Accordingly, we deny the petition. See 8th Cir. R. 47B.

_____

---

[2]Mire presents no argument on appeal regarding the denial of CAT relief; thus, we need not consider that claim. See Alyas v. Gonzales, 419 F.3d 756, 760 (8th Cir. 2005).

-2-