# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4051

_____

|  |  |  |
|---|---|---|
| Ahmed Ould Seyid, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review |
| | * | of an Order of the |
| Alberto Gonzales, Attorney General | * | Board of Immigration Appeals. |
| of the United States, | * | |
| | * | [UNPUBLISHED] |
| Respondent. | * | |

_____

Submitted: April 5, 2007
Filed: April 10, 2007

_____

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ahmed Ould Seyid (Seyid), a native and citizen of Mauritania, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed the decision of the immigration judge (IJ) denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Seyid also requests a stay of deportation.

We lack jurisdiction to review the BIA's determination that Seyid's asylum application was barred as untimely filed. See 8 U.S.C. § 1158(a)(3); Tolego v. Gonzales, 452 F.3d 763, 766 (8th Cir. 2006). Nonetheless, for purposes of reviewing

the denial of withholding of removal, we discuss the merits of the asylum claim. See Ngure v. Ashcroft, 367 F.3d 975, 988-89 (8th Cir. 2004).

An alien's testimony, if credible, may be sufficient to sustain the alien's burden of establishing refugee status. See 8 C.F.R. § 208.13(a) (2003). In this case, we conclude that the IJ discredited Seyid based on specific, cogent reasons. See Perinpanathan v. INS, 310 F.3d 594, 597 (8th Cir. 2002). A reasonable fact-finder could conclude that Seyid was not credible based on his (1) inconsistent statements in his asylum-application and his testimony regarding the number of times he was arrested in Mauritania; (2) statements with respect to when he decided to seek asylum; (3) failure to remember details of his past "10, 15, or 20" arrests; (4) failure to provide any documentary evidence corroborating his claim that a large demonstration occurred in December 1998; and (5) failure to submit documentation authenticating the judgment document faxed to him. See Daiga v. INS, 183 F.3d 797, 798 (8th Cir. 1999) (per curiam) (upholding adverse credibility finding where alien offered inconsistent testimony, and submitted questionable documents); Hamzehi v. INS, 64 F.3d 1240, 1243 (8th Cir. 1995) (upholding adverse credibility determination because alien did not provide specific, consistent details of, or even consistently describe, events giving rise to asylum claim). Although Seyid's explanation for his failure to obtain corroborating documentation – that many years had passed since he fled Mauritania – may be plausible, we cannot conclude that any reasonable fact-finder would be persuaded by it. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 918 (8th Cir. 2004) ("In order to overturn the administrative findings, therefore, we must conclude not only that a persuasive case has been made for the opposite position, but that any reasonable fact-finder would be persuaded by it."); Krouchevski v. Ashcroft, 344 F.3d 670, 673 (7th Cir. 2003) (if petitioner's explanations and IJ's adverse inferences from discrepancies both appear valid, reviewing court should not supersede IJ's credibility finding simply because alternative finding could also be supported); see also Gemechu v. Ashcroft, 387 F.3d 944, 947-48 (8th Cir. 2004) (IJ is in best position to make credibility findings because IJ observes testifying witness).

As such, Seyid's asylum claim would fail on the merits, and his withholding-of-removal claim therefore fails. See Regalado-Garcia v. INS, 305 F.3d 784, 788 (8th Cir. 2002) (withholding-of-removal standard is more rigorous than asylum standard). Additionally, we hold that the evidence was insufficient to support CAT relief, as Seyid failed to show it was more likely than not he would be tortured by, or with the consent of, a public official or other person acting in an official capacity if returned to Mauritania. See Habtemicael v. Ashcroft, 370 F.3d 774, 782 (8th Cir. 2004) (to qualify for CAT relief, applicant bears burden of showing it is more likely than not he or she would be tortured if removed to proposed country).

Finally, Seyid moved for a stay of removal before his voluntary-departure period expired, and we granted his unopposed motion, which also resulted in a stay of his voluntary-departure period. See Rife v. Ashcroft, 374 F.3d 606, 616 (8th Cir. 2004) (if alien moves to stay removal before voluntary-departure period expires, grant of stay will be deemed to include stay of voluntary-departure period).

Accordingly, we deny the petition and reinstate Seyid's voluntary-departure period. See id. at 617 (voluntary-departure period shall begin to run with issuance of this court's mandate).

_____

-3-