# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 05-4448

Nassor Hemed Khamis,  \*

      Petitioner,  \*

v.  \*  Petition for Review from the Board
    \*  of Immigration Appeals.

Alberto Gonzales, Attorney General  \*
of the United States of America,  \*  [UNPUBLISHED]
    \*
      Respondent.  \*

Submitted: June 11, 2007
Filed: June 18, 2007

Before BYE, RILEY, and BENTON, Circuit Judges.

PER CURIAM.

Nassor Hemed Khamis (Khamis), a native and citizen of Tanzania, petitions this court for review of the decision of the Board of Immigration Appeals (BIA), which affirmed the decision of the Immigration Judge (IJ) denying Khamis's request for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny Kamis's petition.

Khamis entered the United States as a visitor in November 1999 and overstayed his visa without authorization from the Department of Homeland Security (DHS, formerly the Immigration and Naturalization Service). In April 2001, Khamis applied

for asylum, withholding of removal, and protection under the CAT. At a hearing before the IJ on December 21, 2004, Khamis stated he would be persecuted if he returned to Tanzania because of his political opinions and membership in the Civic United Front (CUF) political party. After the hearing, the IJ issued an oral decision making adverse credibility findings with respect to Khamis's claims. As a result, the IJ (1) found Khamis's application for asylum was untimely because Khamis had not applied within one year of his arrival to the United States, and Khamis failed to show material changes in Tanzania and Zanzibar (a Tanzanian archipelago) to support an exception for Khamis's untimely filing; and (2) denied all of Khamis's other claims for relief based primarily on Khamis's lack of credibility. The IJ granted Khamis's request for voluntary departure.

Khamis appealed to the BIA. The BIA affirmed the IJ's decision, finding the IJ's adverse credibility determination was not clearly erroneous. Specifically, the BIA stated Khamis failed to meet his burden of proving he was entitled to withholding of removal or relief under the CAT and reasoned the IJ's adverse credibility determination was also dispositive as to Khamis's asylum claim, even if the claim were timely.

We review the BIA's determination under the substantial evidence standard and will reverse only if "it would not be possible for any reasonable fact-finder to come to the conclusion reached by the administrator." Menendez-Donis v. Ashcroft, 360 F.3d 915, 918 (8th Cir. 2004). An alien is eligible for asylum when he is a refugee "who is unwilling or unable to return to his or her home country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Celaj v. Gonzales, 468 F.3d 1094, 1097 (8th Cir. 2006) (quoting 8 U.S.C. § 1101(a)(42)(A)). An alien's testimony, if credible, may be sufficient to sustain the alien's burden of establishing refugee status. 8 C.F.R. § 208.13(a).

In this case, the IJ discredited Khamis's testimony based on specific, cogent reasons. See Perinpanathan v. INS, 310 F.3d 594, 597 (8th Cir. 2002). A reasonable fact finder could find Khamis was not credible based on inconsistencies in the record, including, but not limited to: (1) in his asylum application, Khamis said the CUF was unable to obtain a permit from the government for an October 6, 1999 demonstration, but at the hearing, he stated a permit was not needed for such a demonstration; (2) Khamis testified he had never been arrested, but Khamis then offered into evidence a letter stating he had been arrested multiple times and tortured; (3) Khamis claimed he filed for asylum, in part, because his wife had been raped, but his asylum application made no mention of his wife's alleged rape and the allegation was raised belatedly (in fact, Khamis's wife joined him in the United States for only a few months and then she returned to Tanzania); and (4) Khamis declared he left Tanzania because the police were looking for him as a result of his participation in the 1999 demonstration, yet Khamis obtained his visa to the United States, issued August 30, 1999, several months before the October 1999 demonstration. See Daiga v. INS, 183 F.3d 797, 798 (8th Cir. 1999) (per curiam) (upholding an adverse credibility finding where the alien offered inconsistent testimony and submitted questionable documents).

Because substantial, material evidence supports the IJ's and BIA's findings and conclusions, we conclude the BIA properly determined Khamis's claim for asylum, even if timely, would fail on the merits. Thus, the BIA properly affirmed the IJ's decision denying Khamis's claims for asylum, withholding of removal, and protection under the CAT. See Bropleh v. Gonzales, 428 F.3d 772, 776 (8th Cir. 2005) (stating inconsistent testimony and questionable documents taint an alien's credibility on all of his claims for relief).

For these reasons, we deny Khamis's petition for review.

---

-3-